371 So.2d 591 (1979)
Darlene F. DAVIS, Appellant,
v.
Alan S. DAVIS, Appellee.
No. 78-1771.
District Court of Appeal of Florida, Second District.
June 6, 1979.
*592 Kenneth D. Chapman of Chapman, Chapman & Chapman, Sarasota, for appellant.
Larry Helm Spalding, Sarasota, for appellee.
BOARDMAN, Judge.
In this appeal from a final judgment of dissolution of marriage, appellant wife contends that under the circumstances the amount of child support awarded was inadequate. We agree and reverse.
The financial affidavits filed by the parties and the testimony established the following: The wife, by working forty-eight hours a week, earns net wages of approximately $556 per month, while her monthly expenses total about $886. Her only asset is a 1973 Toyota automobile valued at $700; her liabilities total only $88.52. The husband, working a forty-hour week, takes home approximately $466 per month and has monthly expenses of $540, excluding child support. His limited assets are worth $400, while his liabilities total over $2900, which he agreed to pay and is paying at the rate of $132 per month. The monthly deficit for the wife and children is nearly $300, while the husband's deficit is well under $200.
Prior to filing for dissolution, the parties agreed to sell their house. There was a $21,000 first mortgage and a $2,000-$3,000 second mortgage on the house at the time. The wife conveyed her interest in the house to the husband. From the profit on the sale of the house he was to pay off the loans on the furniture, which constitute the greater part of his present liabilities. She received the furniture and they agreed that he could keep any additional profit derived from the sale. Just two weeks later, however, the husband gratuitously transferred the house to his father by warranty deed. The father sold the property for $33,000 realizing a profit of $9,000 to $10,000, but, apparently, the husband received none of the proceeds. The reason the husband gave for deeding the house to his father was that he could not afford to pay the $219 monthly mortgage payments. However, at present he is paying rent of $200 per month for an apartment.
The parties agreed that the wife should receive custody of the two children, ages three years and fourteen months at the *593 time of the final hearing, and that the husband should pay some child support (the wife sought no alimony); but they disagreed as to the appropriate amount. The wife indicated that she needed him to provide medical insurance coverage on the children and at least $48 per week, enough to pay the babysitter while she was at work. The husband said he could afford to continue paying only the $50 per month he had been paying until he had paid off his installment debts. Those payments would be completed in fourteen months, at which time he would be willing to increase the child support payments and cover the children on his medical insurance policy again.
The trial court ordered the husband to maintain a medical insurance policy on the children[1] and awarded child support in the amount of $15 per month per child, or $30 per month.[2]
The criteria to be considered in awarding child support are the children's needs and the parent's ability to pay. Simonet v. Simonet, 279 So.2d 35 (Fla.4th DCA 1973). Here, unfortunately, as is the situation in so many dissolution of marriage cases, the parents are simply unable to meet the demonstrated needs of the children.
The law is well settled that the trial court has broad discretion in determining the amount of child support to be awarded. Kahn v. Kahn, 78 So.2d 367 (Fla. 1955). The burden is on the party seeking to disturb such an allowance to show that the chancellor abused his discretion. Schultz v. Schultz, 290 So.2d 146 (Fla.2d DCA 1974). Nevertheless, an appellate court is justified in increasing an award of child support when there has been an abuse of discretion. McArthur v. McArthur, 95 So.2d 521 (Fla. 1957); Schultz v. Schultz, supra; Royal v. Royal, 263 So.2d 277 (Fla.3d DCA 1972). We believe that this is such a case.
The child support award of $30 per month, which is little more than half the support the husband was paying prior to the dissolution, is in our judgment grossly inadequate and inequitable. Under the circumstances the wife should be awarded $50 per month per child, or $100 per month child support.
Accordingly, the cause is remanded with instructions to increase the child support award to $50 per month per child, or $100 per month child support, the payments to be due and payable on the first day of each month after the entry of our mandate. In all other respects the final judgment of dissolution is affirmed.
GRIMES, C.J., and SCHEB, J., concur.
NOTES
[1] The cost of the medical insurance, which covers the husband as well as the children, is $55 per month.
[2] The order further provided that the husband was to begin paying $25 per month per child as of December, 1979.