380 So.2d 497 (1980)
Suzanne MAHONEY, Appellant,
v.
Larry Michael MAHONEY, Appellee.
No. 79-1192.
District Court of Appeal of Florida, Second District.
February 22, 1980.
*498 Emmett Abdoney, Tampa, for appellant.
Michael A. Tonelli, Tampa, for appellee.
GOBBIE, EVELYN, Associate Judge.
Suzanne Mahoney appeals from the award to her of child support, arguing the amount is inadequate and the conditions on disbursement of the funds improper. We agree and reverse for entry of an award of a greater amount of child support.
The question on appeal is whether the trial judge abused his discretion in his award of child support and denial of attorney's fees. Although there is no transcript, there are certain authenticated facts before us which can be considered pursuant to Section 59.15, Florida Statutes (1979), which provides:
Proceedings in pais; authentication  Proceedings in pais, not stenographically reported, may be authenticated by recitals in orders, judgments, or decrees, of the trial court, or of the judge thereof,...
According to the wife's affidavit, she left for her native Wales in 1977 when her marriage was irretrievably broken, taking the children with her. The husband filed for dissolution on May 8, 1978 in Hillsborough County, but the wife had no funds to travel to the United States. Upon her request, the court referred her to a local attorney. Her yearly income, including welfare, amounts to $7,280.00. Appellee's income is approximately $20,000.00 yearly.
Appellant wife, who still lives in Wales with her two children, aged eight and ten, was awarded $50.00 per month child support. The sum was to be paid through the court registry but not disbursed until the wife returned to this country with the children. The court also denied appellant an attorney's fee.
Based upon the facts, such a decision cannot stand and must be reversed. There is no need for this mother to be on welfare when the father is perfectly capable of contributing to the support of his own children. Viewing the disparity of the parties' incomes, an award of $50.00 per month for two children living in a land plagued by inflation is an abuse of discretion, allowing this court to increase the award. See Schultz v. Schultz, 290 So.2d 146 (Fla. 2d DCA 1974); Farbman v. Farbman, 208 So.2d 648 (Fla. 3d DCA 1968). That portion of the judgment awarding child support is reversed and the cause remanded with directions that the judgment be amended and an allowance of $250.00 per month be made for child support. The amendment shall operate prospectively from the date of this decision.
We find the provision that child support monies not be disbursed until the wife returns to the United States to be an exercise of futility, since the wife has no wherewithal to travel to Tampa to collect the funds. This court is not unmindful of the fact that the lower court meant well in ruling. It is obvious that the judge was trying to force the wife to return the children to the United States. However, the wife should not be punished nor the children made to suffer in order to accomplish this aim. This is particularly so since the wife had no objection to the children being with their father during summer vacation as long as he paid the air fare. We direct the trial court to include in the amended final judgment a provision that the clerk be directed to disburse to the wife, at the name and address to be given by the wife's attorney, all deposits presently in his registry. We direct further that all future monthly payments be handled in similar fashion, and that the husband pay the additional $2.00 per month filing fee.
*499 The award of an attorney's fee is within the discretion of the trial court based upon the wife's necessity and the husband's ability to pay. Carroll v. Allen, 219 So.2d 69 (Fla. 4th DCA 1969). Necessity and ability were shown below, and the court referred the case to the attorney in the first place. We find the denial of attorney's fees to be an abuse of discretion, and direct the court below to make a determination of such fees to be awarded the wife's counsel for his representation. We also grant appellant's attorney's fees, and direct the lower tribunal to determine an additional fee for services rendered in this court, together with costs.
Lastly, this court is precluded from making a determination as to whether the evidence was sufficient to support the lower court's rulings on the personal property owned by the parties, since there is neither a transcript nor authenticated facts on this point. The presumption of correctness stands and the judgment will not be disturbed. See Williams v. Williams, 172 So.2d 488 (Fla. 1st DCA 1965).
AFFIRMED in part; REVERSED in part and REMANDED with directions.
HOBSON, A.C.J., and OTT, J., concur.