402 So.2d 1220 (1981)
Dartha Killingsworth THOMPSON, Appellant,
v.
George Allen THOMPSON, Appellee.
No. 80-1225.
District Court of Appeal of Florida, Fifth District.
July 22, 1981.
Rehearing Denied September 2, 1981.
Bruce S. Kaufman, Daytona Beach, for appellant.
Henry P. Duffett of Duffett, Seps & Akers, Ormond Beach; and Berrien Becks, Jr., of Becks, Becks & Wickersham, Daytona Beach, for appellee.
COWART, Judge.
We uphold the trial judge's finding that it was in the best interest of the child to award custody of the 15 year old son to the father although this decision split the custody of the parties' two children.
We sustain the award of $65 per week for child support for the 11 year old daughter in the wife's custody on the basis that the father must also provide full medical *1221 and dental care and in view of the father's loss of income resulting from a disabling medical problem from which he is recovering. Of course, an increase in the father's earnings above that upon which the final judgment was based will warrant an increase in child support. A parent's income is the most dominant and directly related factor to be considered in determining the amount of the financial duty to support a child in the custody of another. We suggest that a 10 percent change, up or down, in an obligor's disposable income, could constitute a substantial change in circumstances justifying an adjustment of such support.
Florida law does not yet require that all of the wealth and property acquired during the marriage, i.e., "marital property," be equally divided between the parties. Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980). Therefore we affirm the trial court's equitable distribution of the marital property.
Considering the husband's depressed financial condition, the length of the marriage, the age, education, conduct and substantial assets of the wife, the trial judge did not abuse his considerable discretion in awarding lump sum alimony payable periodically. § 61.08, Fla. Stat. (1979); Canakaris v. Canakaris; McAllister v. McAllister, 345 So.2d 352, 354 (Fla. 4th DCA 1977), cert. denied, 357 So.2d 186 (Fla. 1978); Oliver v. Oliver, 285 So.2d 638 (Fla. 4th DCA 1973).
The final judgment is
AFFIRMED.
FRANK D. UPCHURCH, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissents.
Prior to the dissolution the wife received $900.00 per month for the household budget and she testified she needed $20,000.00 per year to maintain the same life-style for herself and the children. She was awarded custody of the daughter, but she has no job or income. The daughter attended private school, and her tuition cost was $75.00 per month. The family was accustomed to a relatively high standard of living. The husband's lowest income was $73,788 per year, the year the dissolution was started. It is obvious the daughter's life-style will drastically change. I consider it an abuse of discretion to award only $65.00 per week for the support of the daughter.[1]
Further, the denial to the wife of any substantial alimony award  periodic or lump sum [2] also appears to me an abuse of discretion. The wife is thirty-eight (38) years of age, has a BS Degree in Medical Technology, and expressed a desire to enter the real estate sales business. But during the sixteen years of the marriage she did not work, and stayed home to raise the children. She had no job and she had not taken courses to obtain certification by the State as a salesperson. From his medical practice, the husband had acquired substantial assets. He had considerable real estate (formerly in joint name with his wife) which was then owned by his corporations and he had various insurance policies, IRA accounts. His admitted net worth was approximately $320,482.34.
The unequal treatment of the wife in this case can only be explained by the "fault" the trial judge "found" with regard to her conduct as a wife in the closing years of the marriage. This judgment is not entitled to any presumption of correctness, because the trial judge did not hear the testimony.[3] It was all recorded for his reading before a "special master" who made no findings of fact. The record indicates, however, that there was evidence of "fault" and misconduct on both parties' sides  even if such matters are relevant, and I submit, they should not be. Under these circumstances, *1222 I would remand to the trial judge to reconsider the alimony award to the wife, without regard to "fault."
NOTES
[1] Alford v. Alford, 364 So.2d 1255 (Fla.2d DCA 1978); Hall v. Hall, 363 So.2d 137 (Fla.2d DCA 1978), cert. denied, 370 So.2d 459 (Fla. 1979).
[2] She did receive a $10,000 lump sum amount.
[3] Fodor v. Fodor, 379 So.2d 466 (Fla. 4th DCA 1980); Shaw v. Shaw, 369 So.2d 81 (Fla.3d DCA 1979).