424 So.2d 170 (1983)
Cindy COLEMAN, Appellant,
v.
Joseph MACKEY, Appellee.
No. 82-147.
District Court of Appeal of Florida, Third District.
January 4, 1983.
Melvin A. Rubin, Miami, for appellant.
Charles F. Atwood, III, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
In an action to determine paternity and child support the trial court found the defendant to be the father of the plaintiff's child and awarded child support in the statutory minimum amount of $40.00 per month, pursuant to section 742.041, Florida Statutes (1979). Mackey, the father, is employed, earns a gross income of $480.00 per week and owns real estate valued at $38,000.00, with a $16,000.00 mortgage and net equity of $19,000.00. Coleman, the mother, receives $195.00 per month in public assistance for herself and her two other children. Mackey requested the trial court to take judicial notice of his $300.00 per week child support obligation which occurred as a result of an unrelated dissolution of marriage proceeding.
We reverse the award of child support because it is so grossly low as to shock the conscience of this court. See Mahoney v. Mahoney, 380 So.2d 497 (Fla. 2d DCA 1980). We also find error in the trial court's not ordering child support retroactive to the date of birth. The mother has met her burden of showing a clear abuse of discretion by the trial judge. Id. The criteria to be considered in awarding child support are the child's needs and the parent's ability to pay. Davis v. Davis, 371 So.2d 591 (Fla. 2d DCA 1979). There can be no question that a child on public assistance at the time of his birth has the need for *171 child support from the putative father. The rights of an illegitimate child must be considered on an equal basis with the rights of a legitimate child to receive child support. State Department of Health and Rehabilitative Services v. West, 378 So.2d 1220 (Fla. 1979); Shinall v. Pergeorelis, 325 So.2d 431 (Fla. 1st DCA 1976).
We note in passing that once the trial court has fixed an appropriate amount for child support retroactive to the date of birth the appellee's circumstances may have changed sufficiently to justify Mackey's bringing to the attention of the trial court presiding over the unrelated dissolution the existence of new circumstances.
Reversed and remanded.