494 So.2d 537 (1986)
Kenneth REICHLE, Appellant/Cross Appellee,
v.
Joan LEFF, Appellee/Cross Appellant.
Nos. 85-936, 85-1283.
District Court of Appeal of Florida, Fourth District.
October 1, 1986.
*538 John R. Beranek of Klein & Beranek, P.A., West Palm Beach, for appellant/cross appellee.
James P. O'Flarity of James P. O'Flarity, P.A., West Palm Beach, for appellee/cross appellant.
HERSEY, Chief Judge.
Both parties to this appeal seek to overturn an award for child support, appellant claiming that the award is overly generous and appellee that it is insufficient to meet the needs of the child. The award arises from a suit to determine paternity and requires appellant, as the natural father, to pay to appellee, the natural mother, the amount of $1,100 per month as child support, and to pay certain expenses incurred in connection with the birth of the child, arrearages and attorney's fees and costs.
Section 742.041, Florida Statutes (1985), establishes a schedule for the amount of child support to be awarded in paternity actions, ranging from $40 to $110 per month, depending upon the child's age, but further provides: "(2) Such amounts may be increased or reduced by the judge in his discretion depending upon the circumstances and ability of the defendant."
The support rights of illegitimate children have been held to be the same as those of legitimate children. Rogers v. Runnels, 448 So.2d 530, 532 (Fla. 5th DCA), rev. denied, 461 So.2d 115 (Fla. 1984). "The criteria to be considered in awarding child support are the children's needs and the parent's ability to pay... [and] the trial court has broad discretion in determining the amount of child support to be awarded." Davis v. Davis, 371 So.2d 591, 593 (Fla. 2d DCA 1979). That discretion is, however, subject to a test of reasonableness that "requires a determination of whether there is logic and justification for the result." Aycock v. Aycock, 433 So.2d 680, 681 (Fla. 5th DCA 1983).
It has been held that the most dominant and directly related factor to be considered in determining the amount of child support to be paid by a non-custodial parent is the income of that parent. Thompson v. Thompson, 402 So.2d 1220, 1221 (Fla. 5th DCA 1981). It is also established, both by statute, sections 61.13(1) and 742.031, Florida Statutes (1985), and by case law, O'Brien v. O'Brien, 424 So.2d 970, 971 (Fla. 3d DCA 1983), that the duty to support minor children rests equally upon both parents.
We are satisfied that the trial court considered the evidence in light of the applicable law and made a proper allocation of financial responsibility for support of this child. Where the mother had an annual income of slightly more than $20,000 per year and the father's income was well in excess of $100,000 per year, requiring the father to contribute $1,100 per month for support of the minor child was well within the limits of a sound exercise of discretion. We therefore affirm in all respects, including the subsequent award of costs and attorney's fees.
AFFIRMED.
WALDEN and GUNTHER, JJ., concur.