PER CURIAM.
This is an appeal from a final order of child support in a paternity action. The child’s mother, Margaret Dunstan, and the Florida Department of Health and Rehabilitative Services appeal contending that the trial court abused its discretion in (1) failing to require the child’s father, Donnie Weatherspoon, to pay any portion of the expenses incidental to the birth of the minor child; (2) failing to require the said father to maintain health insurance for the minor child; (3) awarding less than $40.00 a week in retroactive child support; and (4) awarding no more than $40.00 a week in prospective child support. We find merit in the first three points on appeal and no merit in the last point, based on the following briefly stated legal analysis.
First, it seems clear to us that the trial court’s decision exempting, in effect, the father (a) from paying for any portion of the birth expenses of the minor child, (b) from providing any health insurance for the said child, and (c) from paying less than the presumptive $40.00 a week in retroactive child support set by Section 742.031, Florida Statutes (1985) was an abuse of discretion. These rather minimal child support requirements seem to us the least that a father should be expected to do for his child, providing, of course, the father can afford it. We recognize the limited financial circumstances of the father in this case, but the fact remains that he can clearly afford to pay for the above items which are minimal in cost. This being so, we can see no reasonable basis for not requiring the said father to pay for same— especially when it is undisputed that the mother has virtually no financial resources and cannot, in any sense, pay for such items. See Coleman v. Mackey, 424 So.2d 170 (Fla. 3d DCA 1983); Weinstein v. Weinstein, 148 So.2d 737, 738 (Fla. 3d DCA *24 1963); De Moya v. De Pena, 148 So.2d 735, 736 (Fla. 3d DCA 1963).
Second, we see no abuse of discretion, however, in the trial court’s decision to award the presumptive $40.00 a week in prospective child support set by Section 742.031, Florida Statutes (1985). We think the trial court could have reasonably concluded that the father could not afford any more child support, given his limited financial circumstances. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Elswick v. Martinez, 394 So.2d 529 (Fla. 3d DCA 1981); Farrington v. Farrington, 390 So.2d 461 (Fla. 3d DCA 1980), pet. for review dismissed, 399 So.2d 1142 (Fla.1981); Blum v. Blum, 382 So.2d 52, 55 (Fla. 3d DCA 1980).
The final order of child support is affirmed in all respects, save three. As to the following, the said order is reversed and remanded for further proceedings: (1) the father should be required to pay for a reasonable portion of the child’s birth expenses, (2) the father should be required to provide some health insurance for the minor child, and (3) the father should be required to pay $40.00 a week in retroactive child support.
Reversed and remanded.