## REITER v MASON

Case No. 87-17749 FC 01

Eleventh Judicial Circuit, Dade County

May 3, 1989

### APPEARANCES OF COUNSEL

**Brian R. Hersh,** Law Offices of Brian R. Hersh, for petitioner.
**Gerald E. Mager,** Harch, Mager, Casey & Beilly, for respondent.

### OPINION OF THE COURT

BERNARD J. JAFFE, Acting Circuit Judge.

### FINAL JUDGMENT ON CHILD SUPPORT, HOSPITAL AND MEDICAL EXPENSES, ATTORNEYS' FEES AND COSTS

THIS CAUSE came on for final hearing before this Court on August 18, 1988 and August 19, 988, on the issues of child support, hospital and medical expenses, attorney's fees, costs and pending contempt motions. The Court having considered the argument of counsel, testimony of the Mother and the expert witnesses, together with all documents admitted into evidence, makes the following findings of fact, and enters the following Final Judgment, thereon:

### FINDINGS OF FACT

A. On May 10, 1988, after a full trial on the issue of paternity, the

Honorable John Gale entered an Amended Final Judgment declaring the Respondent, JACOB MASON a/k/a JACKIE MASON, to be the Father of GINGER JEAN REITER'S child, SHEEBA MASON.

B. On June 16, 1988, the Court ordered the Father to pay as Temporary Child Support, the monthly sum of $1,500.00, plus the sum of $2,550.00, for the Mother to acquire an apartment for herself and the minor child; the Father has complied with this temporary Order.

C. The Court recognizes that the criteria to be considered in awarding child support are the needs of the child and the ability of the parents to pay for these needs. *Davis v Davis,* 371 So.2d 591 (Fla. 2d DCA 1979).

D. Considering all of the above, the Court determines that the child needs and the Father has the ability to pay child support in the sums hereinafter set forth.

E. In determining the effective date of the child support award, the Court has considered the various dissolution of marriage cases cited by the Father's counsel. An examination of Chapter 742, Florida Statutes (1987), as well as the applicable case law, clearly shows that the Father's argument that child support should be effective as of the date of filing the petition, is not well founded and does not apply to paternity actions. Specifically, this Court is guided by the decision of the District Court of Appeal, Third District, in *Coleman v Mackey,* 424 So.2d 170 (Fla. 3d DCA 1983), wherein the appeals court held that it was reversible error for the trial court not to order child support for a child born out of wedlock retroactive to the date of birth.

F. Medical and hospital bills incident to the birth of the child are in the total amount of $8,683.48. The Court finds that it is appropriate in the case for the Father to reimburse the Mother for the total amount of these expenses, plus prejudgment interest of 12% from December 15, 1985.

G. The Court also considered the award of attorney's fees and costs to the Mother. The financial ability of the Father and the Mother's needs for same has been established. This is clearly an appropriate case for such an award. In determining the amount of the award, the Court has taken into account the following:

1. From its inception in 1987, this has been a hotly contested litigation. Practically every conceivable issue which could arise in a paternity action has been litigated in this case.

2. A number of highly qualified, reputable experts testified to the value of the services provided by counsel for the Mother. These

108

opinions varied from a low of $15,000.00 to a higher of $153,000.00. The Court, mindful of the contingent nature of the case, is persuaded that the lodestar method of awarding attorneys' fees is applicable and concludes that such evaluation is merited in the instant case.

The Court notes the following:

1. The Mother testified that the child is entitled to a reasonable standard of living, including medical insurance, proper schooling and religious education.

2. The Father stipulated that he has the financial ability to respond to any reasonable Order the Court will enter.

3. The Mother has testified she presently earns approximately $500.00 per month from her singing telegram business which she operates from home.

4. This Court has considered the opinion of the District Court of Appeal, Fourth District, in *Reichle v Leff,* 494 So.2d 537 (Fla. 4th DCA 1986). That Court, citing *Thompson v Thompson,* 402 So.2d 1220, 1221 (Fla. 5th DCA 1981), stated that:

"It has been held that the most dominant and directly related factor to be considered in determining the amount of child support to be paid by a non-custodial parent is the income of that parent." (*Reichle,* at 538).

## *ADJUDICATION*

Based upon the foregoing Findings of Fact, it is ADJUDGED as follows:

1. The Father shall pay $2,000.00 per month as and for child support for the minor child commencing as of the date of birth of the child (December 15, 1985). The first permanent support payment shall be made on May 15, 1989, and every month thereafter until the minor child, SHEEBA MASON, reaches majority, marries, dies or becomes self-supporting, at which time payment shall terminate.

2. Said payments shall be made payable to CLERK, CIRCUIT COURT, and forwarded to:

Central Depository

15th Floor

140 West Flagler Street

Miami, Florida 33130

3. Payment shall be made by cash, check or money order. For

identification and accounting purposes, the case number shall be included with each payment.

4. The Central Depository shall collect a flat fee in the sum of Ten ($10.00) Dollars for receiving, recording, reporting or handling support payments.

5. The parties affected by this Order shall immediately inform the Central Depository of any change of name, address, employer, place of employment or source of income.

6. The Father is hereby ordered and directed to forthwith pay the child support arrearages in the amount of $80,000.00 ($2,000.00 time 40 months, less credit of $1,500.00 per month previously paid under the Temporary Support Order), totaling $63,500.00

7. The Father is hereby ordered and directed to forthwith reimburse the Mother for the medical expenses of $8,683.48, plus prejudgment interest at the rate of 12% from December 31, 1985, in the amount of $2,760.62, for a total of $11,444.10.

8. Judgment is hereby entered in favor of the Mother, GINGER JEAN REITER, for child support arrearages and medical expenses and against the Father, JACOB MASON a/k/a JACKIE MASON, for the sum of $74,944.10, for which sums let execution issue.

9. The Court determines that 250 hours have been reasonably expended on the litigation, and that a reasonable hourly rate for the Mother's counsel is $250.00 and that, due to the contingency factor, that the multiplier (enhancement) factor is 1.5. The Court finds that reasonable attorneys fees shall be awarded to the attorney for the Mother are in the sum of $93,750.00, for his spirited representation against the father.

10. Costs of litigation to be awarded to the Mother are deferred for rehearing and determination.

11. Judgment is hereby entered in favor of the Mother, GINGER JEAN REITER, and her attorney, Brian R. Hersh, for the aforesaid sums, in attorney's fees and costs and against the Father, JACOB MASON a/k/a JACKIE MASON, plus interest at the rate of 12% per annum from the date of this judgment, for which sums let execution issue.

12. The Court defers ruling on the pending contempt and other motions until further hearing upon proper notice.

13. The Court retains jurisdiction of the parties and the subject matter for the purpose of entering such other and further orders as may be required.

ORDERED at Miami, Dade County, Florida, this 3rd day of May, 1989 nunc pro tunc to August 19, 1988.