564 So.2d 142 (1990)
Jacob MASON a/K/a Jackie Mason, Appellant/Cross-Appellee,
v.
Ginger Jean REITER, Appellee/Cross-Appellant.
No. 89-1311.
District Court of Appeal of Florida, Third District.
June 12, 1990.
*144 Gerald Mager and Kimberly Hall Doyle, Fort Lauderdale, for appellant/cross-appellee.
Brian R. Hersh, Miami, for appellee/cross-appellant.
Before BARKDULL, JORGENSON and GODERICH, JJ.
PER CURIAM.
This case arises out of a paternity action against Jackie Mason, a famous entertainer. The trial court entered an amended final judgment on paternity adjudicating Jackie Mason to be the father of Ginger Jean Reiter's child, Sheeba Mason ["the child"], on May 10, 1988 nunc pro tunc to April 26, 1988. At the same time, the trial court reserved jurisdiction to hear remaining matters of support, medical expenses, temporary and final attorney's fees and costs. See Mason v. Reiter, 531 So.2d 348 (Fla. 3d DCA 1988), review denied, 542 So.2d 989 (Fla. 1989). After the hearing held on August 18 and 19, 1988, the court entered a final judgment on child support, hospital and medical expenses, attorney's fees and costs. This judgment ordered Jackie Mason ["the father"] to pay: (1) $2,000.00 per month as child support for the minor child for the period commencing on December 15, 1985, the date of the birth of the child until she reaches the age of majority; (2) medical expenses incident to the birth of the child in the amount of $8,683.48, plus prejudgment interest from the date of the birth of the child; and (3) $93,750.00 as attorney's fees, plus interest from the date of the judgment. This judgment was entered on May 3, 1989 nunc pro tunc to August 19, 1988.
The father appeals the award of child support, of prejudgment interest on the medical expenses, and of attorney's fees. Ginger Jean Reiter ["the mother"] cross appeals the child support and attorney's fees awards. We affirm the award of child support and of prejudgment interest on the medical expenses. We also affirm the trial court's decision to enter the judgment nunc pro tunc to the date of the hearing. However, we reverse and remand the award of attorney's fees and of prejudgment interest on the attorney's fees.
The father contends that the trial court erred in fixing the amount of child support for the following reasons: (1) the court made the support award retroactive to the child's birth, despite the fact that the mother did not ask for this; (2) the record does not support the award given and the amount awarded cannot reasonably be said to be necessary to support a healthy child; and (3) the court did not consider the mother's duty to support her child. We disagree with these contentions. We also disagree with the mother's contention raised in her cross appeal that the trial court abused its discretion in fixing the amount of child support without considering all of the child's needs.
First, we find that the trial court did not abuse its discretion in ordering child support retroactive to the date of birth even though the mother did not request retroactive child support. The court was justified in reaching that result since the child's needs begin at birth. See Coleman v. Mackey, 424 So.2d 170 (Fla. 3d DCA 1983) (court held that it was reversible error for trial court not to order child support for child born out of wedlock retroactive to the date of birth). In addition, the father presented no evidence which would prevent an award of past child support. See McQueen v. Stratton, 389 So.2d 1190 (Fla. 2d DCA 1980).
Second, we find that the amount awarded by the trial court for child support is reasonable in light of the evidence presented, the child's needs and the ability of the parents to pay support. Thus, we affirm the award of child support.
Section 742.031, Florida Statutes (1987), states in pertinent part: "The court shall order either or both parents owing a duty of support to the child to pay support as from the circumstances of the parties is equitable." Once paternity is determined the legal duty to support the child is imposed. See Gomez v. Perez, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973). In Gomez, the Court ruled that an illegitimate *145 child has the same right of support from the putative father as does a legitimate child. See also Gammon v. Cobb, 335 So.2d 261 (Fla. 1976); Rogers v. Runnels, 448 So.2d 530 (Fla. 5th DCA), review denied, 461 So.2d 115 (Fla. 1984); Coleman v. Mackey, 424 So.2d 170 (Fla. 3d DCA 1983); Shinall v. Pergeorelis, 325 So.2d 431 (Fla. 1st DCA 1975). The criteria to be considered in awarding child support are the child's needs and the ability of each parent to pay support. Coleman, 424 So.2d at 170 (citing Davis v. Davis, 371 So.2d 591, 593 (Fla. 2d DCA 1979)); Butler v. Butler, 409 So.2d 517 (Fla. 5th DCA 1982); § 742.031, Fla. Stat. (1987).
In assessing each parent's ability to pay, the court may consider the father's and mother's monthly salaries, as well as any property and assets owned by either of them. Coleman, 424 So.2d at 170; McQueen v. Stratton, 389 So.2d 1190 (Fla. 2d DCA 1980). In the instant case, the trial court examined the mother's tax returns and financial affidavits. Therefore, we agree with the mother's contentions that the court considered her financial resources and found that she could not pay for the child's needs while the father could. See Dunstan v. Weatherspoon, 505 So.2d 23 (Fla. 3d DCA 1987). The trial court properly allocated the financial responsibility for support of this child where the mother earns only $500.00 a month and the father has stipulated to his ability to pay any reasonable amount for child support. See Reichle v. Leff, 494 So.2d 537, 538 (Fla. 4th DCA 1986) ("[T]he most dominant and directly related factor to be considered in determining the amount of child support to be paid by a non-custodial parent is the income of that parent.") (citing Thompson v. Thompson, 402 So.2d 1220, 1221 (Fla. 5th DCA 1981)).
The mother presented the only testimony as to the child's actual needs. The mother stated that the child should receive religious education, have singing and dancing lessons and be able to go to Disney World. The mother testified that $3,000.00 per month was a reasonable amount to meet the child's needs. Victor Karcinell, C.P.A., the father's expert, testified that the child's reasonable needs were $864.00 per month. Mr. Karcinell did not base this $864.00 per month figure on the child's actual needs. He looked at past expenditures made by the mother and on this basis concluded that if the mother had not spent it in the past, it was not reasonable and the child had no need for it in the future. In fact, Mr. Karcinell excluded expenses for clothing, shoes, recreation, baby-sitting, synagogue membership, singing and dancing lessons and religious schooling. "[T]he trial court has broad discretion in determining the amount of child support to be awarded." Davis v. Davis, 371 So.2d 591, 593 (Fla. 2d DCA 1979). The court's discretion to determine the amount of child support awarded is only subject to a test of reasonableness that "requires a determination of whether there is logic and justification for the result." Aycock v. Aycock, 433 So.2d 680, 681 (Fla. 5th DCA 1983). In the instant case, the trial judge determined that $2,000.00 per month was a reasonable amount of child support based upon the evidence presented before him and after giving due consideration to the needs of the child and the extent of the parents' ability to meet these needs. See King v. King, 271 So.2d 159 (Fla. 1st DCA 1973). Therefore, the court did not abuse it's discretion in setting the amount of child support.
The father next argues that the trial court erred in awarding prejudgment interest for amounts awarded for medical expenses. We disagree. Prejudgment interest is merely another element of pecuniary damages. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Under the loss theory, the "[p]laintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant's ability therefor." Argonaut, 474 So.2d at 215. "[F]or the purpose of assessing prejudgment interest, a claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date." Argonaut, 474 So.2d at 214 (quoting Bergen Brunswig Corp. v. State, Dep't of Health and Rehabilitative Servs., 415 So.2d 765, 767 *146 (Fla. 1st DCA 1982)). "Once a verdict has liquidated the damages as of a date certain, computation of prejudgment interest is merely a mathematical computation." Argonaut, 474 So.2d at 215. In the instant case, the parties stipulated that the mother was entitled to have labor and delivery expenses totaling $8,683.48 paid to her. The final judgment liquidated the damages on the mother's medical expenses and she is, therefore, entitled to prejudgment interest at the statutory rate from the date of that loss, which is the date of the child's birth. See Argonaut, 474 So.2d at 215; Zafrilla v. Volare Shoes, Inc., 394 So.2d 146 (Fla. 1st DCA 1981) (interest is due and payable for medical and hospital bills that remain unpaid when investigation revealed they should have been paid). Accordingly, we find that the trial court properly awarded prejudgment interest on the medical expenses.
Both the father and the mother assert that the trial court erred in making its attorney's fees award. The father argues that the award was too high, while the mother argues that the award was too low. We agree with the father.
The standards applicable in making a determination as to a reasonable fee are set forth in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985), holding modified sub nom. Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990).[1] In determining reasonable attorney's fees, courts should utilize the criteria set forth in Rule 4-1.5(B), Rules Regulating the Florida Bar. The first step in the lodestar process requires the court to determine the number of hours reasonably expended on the litigation. Id. The attorney should keep accurate records and present records detailing the amount of work performed. Id. "Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." Id. This reduction is left to the court's discretion; it is not required. City of Miami v. Harris, 490 So.2d 69, 73 (Fla. 3d DCA 1985), cert. denied, 479 U.S. 1031, 107 S.Ct. 876, 93 L.Ed.2d 830 (1987). The burden to substantiate the fee award is on the plaintiff's attorney. Id. That burden is met when the fee award is supported by substantial competent evidence. Id.; Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981) (on rehearing). In the instant case, the mother's attorney testified that he spent three hundred forty (340) hours on the case, even though he could document only one-third of them by means of contemporaneous time records. The trial court reviewed the evidence presented and reduced the number of hours claimed to two hundred fifty (250) hours and multiplied this number by its determined $250.00 reasonable hourly rate. The fee award of $62,500.00 based on two hundred fifty hours of labor is supported by substantial competent evidence. See Glades, Inc. v. Glades Country Club Apartments Ass'n Inc., 534 So.2d 723, 725 (Fla. 2d DCA 1988), jurisdiction accepted by, 558 So.2d 18 (Fla. 1990). In addition, we conclude that the trial court acted within the bounds of judicial discretion authorized by Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). Accordingly, we affirm the award of $62,500.00 which represents the lodestar figure.
The trial court went on to multiply the lodestar by a contingency risk factor of 1.5 despite the fact that rule 4-1.5(F)(3)(a), Rules Regulating the Florida Bar, specifically prohibits a lawyer from entering into a contingency fee arrangement in family law proceedings. Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990). A paternity action determines whether a familial relationship exists and is, therefore, a domestic relations matter or family law proceeding. This type of action is even filed in the family law division. Moreover, an attorney filing a paternity suit will be paid for his representation *147 by either the mother who unsuccessfully prosecuted the action or by the putative father. See § 742.031, Fla. Stat. (1987). This is an ordinary family law proceeding and therefore, not a case in which a contingency fee can be used. We conclude that the court erred in multiplying the lodestar by a factor of 1.5. Accordingly, we remand for the entry of an order awarding the plaintiff's attorney the lodestar figure of $62,500.00.
The father then contends that the trial court erred in entering its judgment nunc pro tunc to the date of the hearing. We disagree. Once the court has jurisdiction and all the evidence has been presented, the cause is then ripe for judgment. Becker v. King, 307 So.2d 855 (Fla. 4th DCA), cert. denied, 317 So.2d 76 (Fla. 1975). The judge may render a decision in the interest of justice by a judgment nunc pro tunc as of the time of submission. Id. In the instant case, the trial court had jurisdiction as a result of the reservation of jurisdiction contained in the May 10, 1988 order. The trial judge heard the evidence and the arguments of counsel on August 18 and 19, 1988. Unlike Williamson v. Geneva, Inc., 550 So.2d 8 (Fla. 2d DCA 1989) (court entered order nunc pro tunc to date on which it could not have granted relief requested because it had not been given necessary information to grant this relief), the court in the instant case had all the facts necessary to reach its decision by the end of the hearing. For these reasons, the trial court properly entered the judgment nunc pro tunc to the date of the hearing. Thereby neither party suffered due to the court's nine month delay in rendering a decision.
Finally, the mother contends that the trial court erred in failing to award prejudgment interest on the attorney's fees from the date of the judgment of paternity. We agree. In Inacio v. State Farm Fire & Casualty Co., 550 So.2d 92 (Fla. 1st DCA 1989), the defendant's admission of liability by virtue of the November 20, 1986 settlement triggered the plaintiff's entitlement to attorney's fees. In the instant case, the father's liability for attorney's fees was determined after a judgment on paternity. Therefore, under Section 742.031, Florida Statutes (1987), it was the April 26, 1988 adjudication of paternity which triggered the mother's entitlement to, and the father's liability for payment of her attorney's fees. This event fixed the date of the loss for purposes of awarding prejudgment interest on previously incurred attorney's fees even though the actual amount of the award was not yet determined. See Inacio, 550 So.2d at 97; Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Therefore, we remand to the trial court for entry of an award of prejudgment interest calculated at the statutory rate from April 26, 1988.
Affirmed in part, reversed in part and remanded.
NOTES
[1] Rowe cites The Florida Bar Code of Professional Responsibility which has been superseded by the Rules Regulating the Florida Bar since January 1, 1987. However, both rules contain essentially the same factors to be considered in setting reasonable attorney's fees. Therefore, the Rowe analysis is still applicable.