655 So.2d 1184 (1995)
Brenda RICHARDS, Appellant,
v.
Thomas Paul RYAN, Appellee.
No. 94-1413.
District Court of Appeal of Florida, First District.
May 16, 1995.
*1185 M. Blair Payne, of Darby, Peele, Bowdoin & Payne, Lake City, for appellant.
No brief filed, for appellee.
MICKLE, Judge.
This is an appeal from a final judgment and an order on rehearing granting the appellant, Brenda Richards, retroactive child support. The appellant contends that the amount awarded in retroactive child support is an unreasonably low figure lacking support in the record or any explanatory findings made by the trial court. Given the absence of record evidence to justify the result below, we conclude that the lower tribunal abused its discretion. Accordingly, we reverse and remand the case for reconsideration of the amount of retroactive child support. Aycock v. Aycock, 433 So.2d 680 (Fla. 5th DCA 1983) (although it is a matter of trial court discretion, the designation of an amount of child support is subject to a reasonableness test that requires a determination of whether the result is logical and justified); Coleman v. Mackey, 424 So.2d 170 (Fla. 3d DCA 1983).
This action was instituted on March 8, 1993, when Thomas Paul Ryan, the appellee, filed a complaint to determine the paternity of a child born out of wedlock on May 12, 1991. The complainant asserted his ability to contribute to the needs of the child. On July 2, 1993, the appellant, who is the child's mother, answered and filed a counterpetition alleging that costs had been incurred for the child's hospital and medical expenses and living expenses. Ms. Richards sought Mr. Ryan's contribution toward the child's expenses and specifically requested a reasonable amount of child support retroactive either to the child's birth or to the institution of the proceedings below, upon a showing of paternity. At the final hearing held on December 16, 1993, the parties stipulated that Mr. Ryan is the child's father, thereby leaving child support as the only issue to be decided.
After hearing both parties' testimony, the trial court entered a final judgment adjudicating paternity and finding that Mr. Ryan is the child's natural father. Mr. Ryan was ordered to pay $65.00 per week as child support, together with one half of any and all medical, dental, or optometric expenses not covered by insurance. This child support was made retroactive to the date of the hearing (December 16, 1993). § 742.031, Fla. Stat. (1993) (provision governing court-ordered support).
The effect of the final judgment was that Ms. Richards was awarded no child support by the court for the 19 months between the birth of the child and the date of the hearing. Ms. Richards challenged the failure of the lower tribunal to award substantial retroactive child support to the date of the child's birth, and she moved for a rehearing. Having heard arguments of counsel, the trial court granted the appellant's motion, but only to the extent that the final judgment was amended to add $300.00 representing retroactive child support due from the child's date of birth to the date of the final hearing.
The criteria for determining a child support award, including retroactive child support, are the child's needs and the ability of each parent to pay. Fowhand v. Piper, 611 So.2d 1308 (Fla. 1st DCA 1992); Mason v. Reiter, 564 So.2d 142 (Fla. 3d DCA 1990); Davis v. Davis, 371 So.2d 591 (Fla. 2d DCA 1979). It is commendable that Mr. Ryan himself initiated the proceedings and admitted paternity. Furthermore, at the hearing, he acknowledged that the child has financial needs that have existed since birth, and he admitted a duty to support the child.
*1186 The testimony was in dispute as to what amounts Mr. Ryan had contributed to Ms. Richards for support since the birth of the child. The appellant testified that Mr. Ryan had given her an average of $10.00 to $15.00 a week, whereas the appellee claimed to have contributed $20.00 to $25.00 a week in support for 12 to 18 months. Mr. Ryan's excuse for not paying further child support was Ms. Richards' denial of access to the child. We note that in the different context of court-ordered child support and visitation, the Florida Legislature has declared that visitation privileges and the obligation to provide child support are unrelated matters, even in the context of a custodial parent's refusal to honor the non-custodial parent's visitation rights. §§ 61.13(4)(b) & 88.271, Fla. Stat. (1993). Accordingly, "the inability to exercise visitation rights does not relieve the non-custodial parent from the obligation to pay child support." Department of Health & Rehab. Servs. v. Lemaster, 596 So.2d 1117, 1118 (Fla. 2d DCA 1992).
The amount of retroactive child support ordered by the trial court ($300.00), together with the approximate amounts that Mr. Ryan claimed to have contributed since the child's birth (76 weeks @ $25.00 a week = $1,900.00), total no more than about $2,200.00 for the 31-month period from May 12, 1991 until December 16, 1993. When averaged over the period of demonstrated need, these figures equate to barely more than $70.00 a month.
"[T]he most dominant and directly related factor to be considered in determining the amount of child support to be paid by a non-custodial parent is the income of that parent." Reichle v. Leff, 494 So.2d 537, 538 (Fla. 4th DCA 1986); Thompson v. Thompson, 402 So.2d 1220, 1221 (Fla. 5th DCA 1981). At the time of the hearing, Mr. Ryan had been operating a fence company for about three years. His financial affidavit demonstrated a total monthly income of $1,000.00 with no deductions. In his previous job he had earned $7.50 per hour with an average 40-hour week.
The custodial parent's financial circumstances are to be considered as well. Coleman, 424 So.2d at 170; Burnett v. Burnett, 197 So.2d 854 (Fla. 1st DCA 1967). Ms. Richards testified that her part-time employment in restaurant work provided a gross income of about $398.00 a month, including tips, for 20-25 hours of work. Since the child's birth, Ms. Richards and her parents have borne all the child's medical expenses not covered by insurance as well as the costs of clothing, diapers, and bed and board. The child has special medical problems relating to a weak eye, asthma, and allergies, which maladies have resulted in continuing, additional expenses for items such as inhalers and prescriptive medications.
Having reviewed the record, we are unable to find any evidentiary basis for the mere $300.00 award of retroactive child support. In fact, the record indicates that the child's needs and the mother's relatively strained financial circumstances, coupled with the father's demonstrated ability to pay support (and willingness to do so), mandate a more generous retroactive award. See § 61.30, Fla. Stat. (1993) (child support guidelines).
REVERSED and REMANDED for further proceedings.
WEBSTER and VAN NORTWICK, JJ., concur.