678 So.2d 369 (1996)
Jimmy Earl KELLEY, Appellant,
v.
Sang Hui KELLEY, Appellee.
No. 95-2336.
District Court of Appeal of Florida, First District.
June 13, 1996.
Rehearing Denied September 16, 1996.
*370 John J. Uskert, Panama City, for Appellant.
Sang Hui Kelley, Pro Se.
PER CURIAM.
This cause is before us on appeal from an order of the trial court determining child custody and visitation; the amount of child support and retroactive child support; Former Wife's entitlement to Former Husband's military pension; and the equitable distribution of the parties' assets and liabilities. Former Husband raises four issues on appeal, only two of which merit discussion.
Following a hearing in which both parties testified, the trial court ordered Former Husband to pay retroactive child support from May 1, 1993, to May 1, 1995, finding that Former Husband failed to provide financial support for the child during this period. We affirm the retroactive nature of the award, finding no abuse of discretion on the record before us. See Weinstein v. Weinstein, 148 So.2d 737, 738 (Fla. 3d DCA 1963)(no abuse of discretion by trial court in awarding retroactive child support to mother for the six months prior to entry of the final decree where, during that period, mother was sole provider for the children); Cf. Fowhand v. Piper, 611 So.2d 1308 (Fla. 1st DCA 1992)(allowing award of retroactive child support in paternity actions).
We are nevertheless required to reverse and remand this award because of two errors. First, in establishing the amount of the award, the trial court failed to properly determine the needs of the child and the ability of the parents to pay during the period in question. See, e.g., Richards v. Ryan, 655 So.2d 1184 (Fla. 1st DCA 1995)(the criteria for determining retroactive child support award are the child's needs and the ability of each parent to pay; the dominant factor in determining the amount paid by the noncustodial parent is the income of that parent); Hice v. Pace, 675 So.2d 952 (Fla. 1st DCA 1996). Second, the retroactive period of the award should have terminated on April 1, 1995, the date Former Husband began paying temporary child support. On remand, the trial court shall correct the date of termination and redetermine the amount of the retroactive award consistent herein.
We also reverse the equitable distribution of the parties' assets and liabilities because the trial court failed to make findings required by section 61.075(3), Florida Statutes. Finch v. Finch, 659 So.2d 1351 (Fla. 5th DCA 1995); Green v. Green, 650 So.2d 181 (Fla. 1st DCA 1995); Keaton v. Keaton, 634 So.2d 798 (Fla. 4th DCA 1994); Pridgeon v. Pridgeon, 632 So.2d 257 (Fla. 1st DCA 1994); Collinsworth v. Collinsworth, 624 So.2d 287 (Fla. 1st DCA 1993). On remand, the trial court shall revisit the equitable distribution scheme and make appropriate findings.
The remaining issues raised on appeal are without merit and are affirmed without further comment.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
BOOTH, JOANOS and BENTON, JJ., concur.