GODERICH, Judge.
In the underlying paternity action, the father, Svein Steinmoen, appeals from a final order awarding current and retroactive child support. We affirm.
First, the father argues that the trial court lacked subject matter jurisdiction over this action.. We find that the father is precluded by res judicata from raising this issue. Steimnoen v. Seabrook, 666 So.2d 165 (Fla. 3d DCA 1996).
Next, the father contends that the trial court erred by adopting the hearing officer’s recommended order. He raises several exceptions to the hearing officer’s order, but only one merits discussion. The father contends that the hearing officer erred by determining the amount of retroactive child support due by reviewing the parents’ individual income for the years in question and then looking to the child support guidelines for the presumptive minimum amount of support. § 61.30(6), Fla. Stat. Instead, the father argues that the determination of the amount of retroactive child support should have been based on a reimbursement theory. Williams v. Johnson, 584 So.2d 90 (Fla. 5th DCA 1991). We disagree.
In Mason v. Reiter, 564 So.2d 142 (Fla. 3d DCA 1990), this Court stated, “The criteria to be considered in awarding child support are the child’s needs and the ability of each parent to pay support.” Mason, 564 So.2d at 145; Coleman v. Mackey, 424 So.2d 170 (Fla. 3d DCA 1983). In Mason, the trial court assessed each parent’s ability to pay by considering the father’s and mother’s monthly salaries, as well as any property or assets owned by either of them, and concluded that the mother could not pay for the child’s needs while the father could. Mason, 564 So.2d at 145. On appeal, the father argued that the trial court had abused its discretion by using this method to determine the amount of child support that he was required to pay. Mason, 564 So.2d at 145. He contended that a determination of the child’s needs should be based on past expenditures made by the mother. Mason, 564 So.2d at 145. Further, he concluded that “if the mother had not spent it in the past, it was not reasonable and the child had no need for it in the future.” Mason, 564 So.2d at 145. This Court rejected the father’s argument and stated that the trial court has broad discretion to determine the amount of child support to be awarded and that this discretion is only subject to a test of reasonableness. Mason, 564 So.2d at 145.
*321 Similarly, in the instant case, the hearing officer properly considered the child’s needs and each parent’s ability to pay support, and, in assessing each parent’s ability to pay, the hearing officer properly considered each parent’s monthly salary. Further, we note that the hearing officer’s decision to look to the child support guidelines to determine the presumptive minimum needs of the child and the proper amount of support was reasonable. Finley v. Scott, 707 So.2d 1112 (Fla.1998)(stating that the amount established by the child support guidelines is a presumptive amount).
Accordingly, and because the trial court acted within its discretion in adopting the hearing officer’s order, we affirm the trial court’s order awarding current and retroactive child support.
Affirmed.