820 So.2d 362 (2002)
Joseph M. RODGERS, Appellant,
v.
Julie A. DIEDERICHSEN, Appellee.
No. 1D01-3515.
District Court of Appeal of Florida, First District.
May 13, 2002.
Rehearing Denied July 5, 2002.
*363 E. Jane Brehany, Pensacola, for Appellant.
Earl F. Overby, Pensacola, for Appellee.
PER CURIAM.
Joseph Rodgers, appellant, seeks review of an order establishing child support in a paternity proceeding. Appellant raises three issues: that the trial court erred in calculating the amount of retroactive and ongoing child support; that the trial court erred in failing to award him the federal dependency tax exemption; and that the trial court erred in ordering him to pay the mother's attorney's fees. We reverse the trial court's calculation of the amount of retroactive and ongoing child support and remand for the trial court to recalculate the retroactive and ongoing child support. We affirm the remaining issues without further discussion.
In April 2000, Julie Diederichsen, appellee, filed a petition to establish paternity and to establish child support. She contended that appellant was the father of her child born on March 9, 2000. A paternity test later established that appellant was the father. In September 2000, appellee filed a motion for temporary relief. The trial court entered an order requiring appellant to pay $393 a month effective November 2000. As appellant alleged in his financial affidavit that he was unemployed, the trial court imputed $800 in monthly income to appellant.
Appellee filed a financial affidavit, in February 2001, which reflected a monthly income of $1,115. On April 5, 2001, she filed another motion for temporary relief. She alleged that appellant was currently employed and receiving a gross yearly income of $47,000. Appellant subsequently filed his amended financial affidavit on April 9, 2001, which reflected a net monthly income of $2,028, with the allowable deductions under section 61.30(3), Florida Statutes (2000). The trial court determined that appellant's net monthly income was $2,028 and appellee's net income was $1,115. Therefore, the trial court ordered appellant to pay $698 a month effective June 1, 2001. Because appellant began his new employment at the end of January 2001, the court also found that appellant owed $1,220 in arrearage for February, March, April and May 2001.
At the final hearing on July 16, 2001, appellee testified that beginning August 2000 the child began day care. The day care cost $482 a month until the child was one year old; after one year, the day care cost was $413 a month. Appellee also introduced documentation of both her and appellant's income for 2000. Appellee's net monthly income was $815.40, and appellant's *364 net monthly income for 2000 was $3,192.
In its final order, the trial court found that the father's net monthly income was $3,192 and that the mother's monthly income was $815.40. The court set the monthly child support obligation at $932, which included $270 for child day care. The trial court further found that the arrearage of child support amounted to $9,374. In addition, the court ordered the father to pay the mother's attorney's fees.
The trial court abused its discretion by miscalculating the retroactive child support. See Kasper v. Cornelius, 731 So.2d 766 (Fla. 4th DCA 1999) (holding that the trial court abuses its discretion in incorrectly calculating child support and any corresponding arrearage). The court's two temporary orders cover the time period from November 2000 to July 2001. Thus, the trial court could only order retroactive child support for the period from March 2000 to October 2000. See Kraus v. Kraus, 749 So.2d 513 (Fla. 2d DCA 1999) (stating that either party should be able to rely upon the court's order for the time period covered by the temporary order, and the trial court should only be required once to use its resources to decide the issue).
Appellee did not incur day care costs until August 2000. Therefore, from the date of the child's birth in March 2000, through July 2000, appellant's child support obligation should be $662. See Horn v. Dep't of Revenue, 752 So.2d 687 (Fla. 3d DCA 2000) (stating that, in paternity suits, the trial court should award retroactive child support to date of child's birth); Johns v. Richards, 717 So.2d 1103 (Fla. 4th DCA 1998) (same); see also § 61.30(17), Fla. Stat. (2000). Accordingly, the retroactive support amounts to $3,310 for this period.
Beginning August 2000, appellee incurred child care costs totaling $482 a month. Therefore, from August 2000, through October 2000, appellant's monthly child support obligation was $952. The father had paid $300 in child support voluntarily. Thus, the retroactive support amount for this period is $2,556. The total retroactive support obligation for 2000 is, consequently, $5,866.
In the second temporary order, the trial court established the retroactive child support as $1,220 because the court found that appellant had increased his income from that established in the first temporary order. However, the trial court can only retroactively increase court-ordered support back to the date appellee filed her motion for increased support. See Kraus, 749 So.2d at 514. Here, appellee filed her second motion for temporary relief on April 5, 2001. The first temporary child support order, therefore, was final until this date. The trial court could only increase the amount of child support after April 2001. Accordingly, the trial court abused its discretion in establishing the retroactive support amount in the temporary order as $1,220. The actual retroactive amount for April 2001 and May 2001 equals $610. As the total retroactive award amounts to $6,476, the trial court abused its discretion in determining the amount of retroactive support as $9,374. Accordingly, we reverse and remand for the trial court to impose the correct amount of retroactive child support.
The trial court also abused its discretion in establishing the ongoing child support obligation after July 2001. Appellee concedes on appeal that the trial court erred in determining the parties' 2001 monthly incomes by relying on the parties' 2000 income. See Nerney v. Nerney, 752 So.2d 706 (Fla. 2d DCA 2000) (remanding for recalculation of support where award did not use income figures provided in parties' financial affidavits). Appellant submitted his financial affidavit for 2001 *365 which revealed a monthly net income, after appropriate deductions, of $2,028. Appellee's financial affidavit for 2001 showed a net monthly income of $1,115. After March 2001, the child care cost dropped to $413 a month. Adding 25% of $413, which is $310, to the base support obligation of $673 gives the total support obligation as $983. See § 61.30(7), Fla. Stat. (2000) (providing that child care costs be reduced 25% before adding to the basic child support obligation). Therefore, appellant's ongoing child support obligation is $634.
However, this amount is contingent on the amount of health insurance provided for the minor child. See § 61.30(8), Fla. Stat. (2000) (requiring that health insurance for the minor child be included in the basic child support obligation unless ordered to be separately paid). Section 61.13(1)(b), Florida Statutes (2000), directs the trial court to order one of the parties to provide health insurance for the child when the insurance is reasonably available. See also Dunstan v. Weatherspoon, 505 So.2d 23 (Fla. 3d DCA 1987). In her petition to establish paternity and child support, appellee did request that appellant provide health insurance. However, the trial court did not address this issue in its final order nor in any of its temporary orders. Therefore, we remand this case for the trial court to determine whether appellant should provide health insurance for the child and to recalculate the ongoing child support obligation consistent with this opinion.
AFFIRMED in part; REVERSED in part; REMANDED for further proceedings consistent with this opinion.
DAVIS, PADOVANO and LEWIS, JJ., CONCUR.