PER CURIAM.
The appellant, Carl Gillman, timely appeals from a final judgment of dissolution of marriage. Because the trial court erred in ordering the appellant to pay retroactive child support, we reverse. The order is affirmed with respect to all other issues raised on appeal.
During pendency of the dissolution proceeding, the parties filed motions for temporary relief on several issues, including child support. In a temporary order rendered May 15, 2000, the trial court ordered a rotating custody arrangement and ruled that “[njeither party will be required to pay the other child support given this rotating custody arrangement.”
In the final judgment of dissolution of marriage, rendered September 13, 2001, the trial court ordered the appellant to pay child support in the amount of $707.20 per month. The court also ordered the appellant to pay back child support in the amount of $353.60 per month from April 2000 through September 2001, with a total arrearage of $6,011.20.
The appellant contends that this was error, because the final judgment conflicts with the temporary order that was in place and which did not require the parties to pay child support. We agree.
A trial court has the discretion to order child support retroactively, but it is error to do so for the period covered by a temporary order already in place. Israel v. Israel, 824 So.2d 953, 953 (Fla. 4th DCA 2002); see also Rodgers v. Diederichsen, 820 So.2d 362, 364 (Fla. 1st DCA 2002); Kraus v. Kraus, 749 So.2d 513, 514 (Fla. 2d DCA 1999). Therefore, the portion of the order requiring the appellant to pay back child support is reversed.
AFFIRMED in part, REVERSED in part.
BARFIELD, KAHN and PADOVANO, JJ., concur.