ALLEN, J.
The appellant challenges various rulings contained in a final judgment of dissolution of marriage. We conclude that only one of the arguments presented by the appellant has merit. Specifically, we agree that the trial court erred by retroactively awarding permanent alimony to a period already covered by a temporary alimony award.
On July 17, 2000, before the parties’ marriage was dissolved, the appellee requested an award of temporary alimony. Following a hearing on this request, the trial court entered an order by which the appellee was awarded temporary alimony in the amount of $12,000 per month, commencing on January 1, 2001. No award was made for the period from July 17 through December 31, 2000. On September 25, 2001, the court entered the final judgment which included an award to the appellee of permanent alimony in the amount of $18,500 per month. Finding that the appellee’s need for support and the appellant’s ability to pay preexisted the final judgment, the court made the permanent alimony award retroactive to July 17, 2000, the date on which the appel-lee first requested temporary support.
The trial court erred in making its permanent alimony award retroactive to July 17, 2000, because the parties had already litigated the appellee’s entitlement to alimony during this period. See Kraus v. Kraus, 749 So.2d 513 (Fla. 2d DCA 1999); see also Rodgers v. Diederichsen, 820 So.2d 362 (Fla. 1st DCA 2002). Accordingly, the award of permanent alimony for periods prior to September 21, 2001, is reversed, but the final judgment is otherwise affirmed.
BOOTH and BARFIELD, JJ., concur.