389 So.2d 1190 (1980)
Robert N. McQueen, Appellant,
v.
Lucinda B. STRATTON, Appellee.
No. 80-175.
District Court of Appeal of Florida, Second District.
October 1, 1980.
Rehearing Denied November 12, 1980.
Britt Whitaker, Tampa, and Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellant.
Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, and Gary A. Kahle of Olmsted, Schwarz, Kahle & Casanueva, Port Charlotte, for appellee.
CAMPBELL, Judge.
McQueen appeals a final judgment of paternity, alleging that the Human Leukocyte Antigen (HLA) test should not have been admitted into evidence as the primary means of proving paternity. He also appeals the award of $650 per month future child support and past child support from the date of birth in the same monthly amount, a total arrearage of $40,300. We reject McQueen's arguments.
This court held in Simons v. Jorg, 384 So.2d 1362 (Fla.2d DCA 1980), that a putative father can be compelled to submit to HLA testing if the mother has shown good cause. The trial court in the instant case followed Simons v. Jorg, supra, and determined that Lucinda Stratton had shown good cause. As to the admissibility of the test results at trial, we adopt the opinion of our sister court in Carlyon v. Weeks, 387 So.2d 465 (Fla. 1st DCA 1980).
Regarding the award of past child support, appellant has failed to show that the trial court has abused its discretion. Appellant presented no evidence at trial which would prevent an award of past child support. See § 742.041, Fla. Stat. (1979).
Appellant has also failed to demonstrate that the trial court abused its discretion in awarding $650 per month future child support payments. The only evidence presented on the needs of the child was the testimony of the mother. This testimony supports the trial court's order and was not contradicted by McQueen. The ability of *1191 the husband to pay the amount awarded is also supported by the record as it reveals his assets to be in excess of $800,000.
For the above stated reasons, we affirm the judgment of the trial court.
HOBSON, Acting C.J., and DANAHY, J., concur.