448 So.2d 530 (1984)
Dorothy W. ROGERS and Tammie Rogers, Appellants,
v.
L.K. RUNNELS, Appellee.
No. 83-528.
District Court of Appeal of Florida, Fifth District.
March 1, 1984.
Rehearing Denied April 17, 1984.
*531 Hans G. Tanzler, Jr., of Boyer, Tanzler, Blackburn, Boyer & Nichols, Jacksonville, for appellants.
Louis E. Stolba of Stolba & Lumley, P.A., St. Petersburg, for appellee.
ORFINGER, Chief Judge.
Dorothy W. Rogers and Tammie Rogers filed an action on May 11, 1982, pursuant to Chapter 742, Florida Statutes (1981), for a determination that defendant Louis K. Runnells was the father of Tammie, born September 19, 1963. The complaint also requested that defendant be required to pay back child support or, alternatively, pay damages to Dorothy because of the cost to her of raising and supporting Tammie. The trial court dismissed the action upon motion of the defendant and plaintiffs appeal.
Since Tammie had already reached her majority before the suit was filed, the trial court was correct in dismissing the action insofar as support was requested. The obligation to support a child continues only through the child's minority. In State of Florida, Department of Health and *532 Rehabilitative Services v. West, 378 So.2d 1220 (Fla. 1979), the supreme court said:
... An illegitimate's right to obtain support is established by section 742.041, Florida Statutes (1975), and is a continuing right until the child reaches eighteen years of age. This right may be enforced by a paternity suit under section 742.10, Florida Statutes (1975), which is both an action to determine paternity and an action for child support.
Id. at 1222.
The support rights of illegitimate children are the same as those of legitimate children. West, supra. Parental obligation for support of a legitimate child terminates when the child reaches majority, except where such child is still dependent because of physical or mental infirmities. Keenan v. Keenan, 440 So.2d 642 (Fla. 5th DCA, 1983); Thomas v. Thomas, 427 So.2d 259 (Fla. 5th DCA 1983). Thus, the obligation to support a child born out of wedlock ends at majority unless the child continues to be dependent because of physical or mental infirmities. No such showing is made here.
The mother cites McQueen v. Stratton, 389 So.2d 1190 (Fla. 2d DCA 1980), as authority for the proposition that she is entitled to an award of back support, but that case is distinguishable. While McQueen does not state the age of the child, it is easily determined from the award that the child was slightly more than five years old at the time the back support was ordered. Whatever the right of a mother of a child born out of wedlock to recover for past support in a paternity action against the putative father where she has standing to claim future support, a point we are not called upon to decide here, the mother has no standing to bring an action or seek support for the child after the child attains majority.
Chapter 742, Florida Statutes (1981), is the exclusive means by which the mother may bring an action to determine paternity and seek support, but this section does not foreclose the rights of others to seek a determination of paternity where there is a legitimate interest in such determination. In Kendrick v. Everheart, 390 So.2d 53 (Fla. 1980), the supreme court held that the putative father had standing to seek a declaratory judgment under Chapter 86 of the Florida Statutes that he was the father of five minor children born out of wedlock. The court found that while Chapter 742 was intended as the natural mother's exclusive legal remedy to establish paternity and enforce support rights of the child, the statute did not purport to preclude a declaratory judgment action by the putative father to adjudicate paternity where such adjudication was necessary to the determination of existing rights or duties between parties to an actual controversy. The court further reasoned that any other interpretation of Chapter 742 would permit the mother to negate the child's rights by virtue of her failure, for whatever reason, to obtain an adjudication of paternity.
For the same reasons expressed in Kendrick, we hold that the child, upon reaching majority, has the right to bring an action for declaratory judgment to determine paternity. This right was at least tacitly recognized in Garris v. Cruce, 404 So.2d 785 (Fla. 1st DCA 1981), although the court there held that the statute of limitations barred the action because the plaintiff waited longer than four years after attaining majority to bring the action. We need not decide how the statute of limitations applies in such cases because it is clear that the action here was brought less than two years after Tammie attained her majority.
The judgment is affirmed insofar as it denies any monetary award, but is reversed insofar as it precludes Tammie from maintaining an action to determine paternity. The trial court shall permit Tammie to amend her pleadings to bring her claim within the declaratory judgment statute, if she is so advised.
AFFIRMED in part and REVERSED in part with directions.
DAUKSCH and COWART, JJ., concur.