SCHOONOVER, Judge.
The husband, Dennis M. Bill, appeals from a final judgment entered in a dissolution of marriage action. We find merit only in the husband’s contention that the trial court erred in establishing the amount of child support. We affirm, without discussion, the final judgment in all other respects.
The trial court awarded shared parental responsibility of the parties’ four-year-old daughter, Jennifer, and gave the primary care, custody, and control to the wife, Clara Bill. In addition to ordering the husband to provide certain insurance benefits and to pay an equal share of Jennifer’s extraordinary health expenses, the final judgment required the husband to pay child support in the amount of $1,000 per month.
A court may order either or both parties in a dissolution proceeding to pay child support in an amount which is equitable in light of the circumstances of each party and the nature of the case. § 61.13(1), Fla.Stat. (1983). The determination of the amount of child support is a matter of judicial discretion. That discretion, however, is subject to the test of reasonableness, a test that requires a determination of whether there is logic or justification for the result. Aycock v. Aycock, 433 So.2d 680 (Fla. 5th DCA 1983). Based upon the record in this case, we find that the trial court abused its discretion.
In determining the amount of child support payments to be made by the noncustodial parent, an important factor to be considered is the ability of the parent to make child support payments. Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982). Although the evidence was conflicting, the trial court did not abuse its discretion in finding that the husband had the ability to pay the amount awarded. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In addition to evidence concerning the husband’s ability to make child support payments, there also was evidence presented relating to other factors which should be considered in making a child support award, i.e., Jennifer’s age, the fact that she was profoundly deaf and therefore had additional expenses for speech and hearing therapy, the parties’ station in life, prior standard of living, and the ability of the wife to help in providing for the child’s needs. See Peak. The needs of the child in relation to all other factors, however, must also be considered, and there is insufficient evidence in the record to support the trial court’s finding that the child needed the amount awarded. Aycock; Yontz v. Yorkunas, 358 So.2d 91 (Fla. 2d DCA 1978).
During the course of the trial, the wife testified that expenses incurred directly for the benefit of the child amounted to $225 per month. The husband testified that those expenses amount to $230 per month. We realize that these were only direct expenses, and that there were other expenses necessary for the support of the child, e.g., the child’s share of housing, utilities, food, and transportation expenses. However, although the financial affidavit introduced by the wife showed the combined expenses of the wife and child, there was no attempt to establish what portion of these expenses should be attributed to the needs of the child herself. There was, accordingly, no sufficient evidence presented to substantiate the court’s award. Without such evidence the reasonableness test of Cana-karis is not met, and the trial judge abused his discretion. We therefore reverse and remand for reconsideration of the child support award.
Affirmed in part, reversed in part and remanded.
CAMPBELL, A.C.J., and FRANK, J., concur.