JOANOS, Judge.
The wife in this dissolution of marriage proceeding appeals from the trial court’s order denying rehearing of an order requiring the wife to pay child support. Although the wife does not dispute her obli *175 gation to pay child support, she maintains the amount of child support she was ordered to pay constituted an abuse of discretion. We agree.
A final judgment of dissolution of the marriage of the parties was entered on June 10, 1983. The final judgment incorporated the provisions of the parties’ stipulation and agreement which provided, among other things, that the primary physical residence of the parties’ two minor sons would be with the husband, that the parties would share parental responsibility, and that the wife would have visitation rights. The husband did not request child support and the final judgment did not require the wife to pay child support.
On March 26, 1985, the husband filed a motion for modification, seeking child support from the wife. At the hearing held on the motion, the husband testified that he wanted $200 a month in child support payments from the wife. The husband’s financial affidavit lists as a monthly expense “Child Day Care — $200.00.” There is no other evidence in the record concerning the direct expenses of the children:
The Florida Supreme Court, in Marcoux v. Marcoux, 464 So.2d 542, 544 (Fla.1985), reaffirmed the reasonableness test set forth in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), as the appropriate standard for appellate review of discretionary acts of trial courts. Under this standard,
“[i]f a reviewing court finds that there is competent substantial evidence in the record to support a particular award, then there is logic and justification for the result and it is unlikely that no reasonable person would adopt the view taken by the trial court. Under these circumstances, there is no abuse of discretion.”
The determination of the amount of child support is a matter of judicial discretion, subject to the test of reasonableness. Bill v. Bill, 478 So.2d 93 (Fla. 2d DCA 1985). The factors to consider are the amounts reasonably necessary for the support of the minor children and the relative ability of each parent to contribute to that support. McLendon v. McLendon, 483 So.2d 498, 499 (Fla. 1st DCA 1986).
In the instant case, the trial court ordered the wife to pay to the husband the amount of $40 per week for each child, or a total of $80 per week, as child support. Since the only competent substantial evidence concerning the needs of the minor children was in the husband’s testimony in which he requested $200 monthly as the wife’s contribution to support of the children, the trial court’s order directing the wife to pay a total of $80 per week was an abuse of discretion. Therefore, the final order is modified to reflect that the wife shall pay to the husband the amount of $200 per month as child support. In all other respects, the order is affirmed.
The trial court’s order is affirmed as modified.
ZEHMER, J., and CAWTHON, VICTOR M., Associate Judge, concur.