530 So.2d 410 (1988)
Robert Larry HALL, Appellant,
v.
Tayze WILSON, Appellee.
No. 87-2189.
District Court of Appeal of Florida, Third District.
August 23, 1988.
Rehearing Denied October 17, 1988.
Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., and Bonnie S. Satterfield and Suzanne H. Youmans, Fort Lauderdale, for appellant.
Melvin A. Rubin, Miami, for appellee.
Before HUBBART, DANIEL S. PEARSON, and JORGENSON, JJ.
JORGENSON, Judge.
Robert Larry Hall appeals from a final order of the trial court adjudicating child support for Therrin Naketa Abukni Wilson. The trial court's order required Hall to pay prospective child support of $120 weekly and retroactive child support in the amount of $64,000. For the reasons which follow, we affirm the trial court's order regarding prospective child support but reverse the order as to retroactive support.
Therrin was born on January 15, 1975. His parents, Tayze Wilson and Robert Larry Hall, were never married. After Therrin's birth, Hall visited the child and contributed support until he was instructed by Wilson's family to cease contact with mother and child. Hall complied with the request and curtailed both visitation and support. In 1986, Wilson filed a complaint to determine paternity and to award child support. Wilson's complaint sought child support but did not specifically request retroactive support. In 1987, the trial court entered a final judgment of paternity, determining that Hall was Therrin's father and ordering Hall to pay child support retroactive to the 1986 date when Wilson's complaint was filed. The trial court subsequently granted in part Hall's motion to *411 vacate the final judgment in order to permit reciprocal discovery prior to setting the amount of child support. The trial court ordered temporary support payments of $50 a week until a final amount of support could be established. Financial affidavits disclosed that Hall's 1986 earnings as a truck driver totalled approximately $36,000 with overtime, and that Wilson earned a 1986 gross salary of $26,000 as a postal carrier. Hall's affidavit further disclosed that he was married and had another child. Wilson's financial statement included a separate listing for Therrin's expenses independent of her household expenditures; his separate expenses totalled $422.
The trial court held a hearing at which Hall and Wilson testified. For the first time, Wilson requested child support retroactive to the date of Therrin's birth. Hall objected to the request as precluded by Wilson's pleadings, and asserted the defense of laches based upon Wilson's waiting twelve years before seeking such support. Following the hearing, the trial court entered an order requiring Hall to pay $120 a week prospective child support and a total of $64,000 child support retroactive to 1976.
Hall filed a motion for rehearing and/or new trial seeking review of the issue of retroactive child support.[1] The trial court granted the motion and, on rehearing, upheld the retroactive award. Hall was ordered to pay the $64,000 arrearage according to the following schedule: $1,000 payments in sixty days, ninety days, and six months with the balance to be paid at the rate of $10 a week.
We reverse the award of retroactive child support. Despite Wilson's testimony at the hearing that she had made past requests of Hall to contribute to Therrin's support, the record attests to the absence of any formal demand. The record also reveals that Hall terminated both visitation and support payments pursuant to the instruction of Wilson's mother. Wilson offered no evidence to rebut Hall's laches defense. See Department of Health & Rehabilitative Servs. v. Thomas, 477 So.2d 1053 (Fla. 5th DCA 1985) (Department's claim against father for reimbursement of public assistance provided for minor child barred by laches where grandmother had physical custody of child for six-and-one-half-year period when benefits were paid and father was never notified of fact that public assistance had been requested), rev. denied, 488 So.2d 829 (Fla. 1986); Robinson v. State, Dept. of Health & Rehabilitative Servs., 473 So.2d 228 (Fla. 5th DCA) (laches defense applied where wife agreed that husband could discontinue child support payments in return for surrendering visitation and where wife failed to explain ten-year delay in bringing action to enforce payment of arrearages), appeal dismissed, 478 So.2d 53 (Fla. 1985); Wing v. Wing, 464 So.2d 1342 (Fla. 1st DCA 1985) (laches defense *412 applied where husband was never contacted regarding back child support payments over eleven-year period despite his continuous presence in city). Cf. O'Brien v. O'Brien, 424 So.2d 970 (Fla. 3d DCA 1983) (wife's four-and-one-half years' delay in filing claim for child support arrearages insufficient to constitute waiver of right to support where wife did not prevent visitation and had lived outside the United States for four years). See generally Annotation, Laches or Acquiescence as Defense, So as to Bar Recovery of Arrearages of Permanent Alimony or Child Support, 5 A.L.R. 4th 1015 (1981). Wilson knew that Hall lived and worked in the same community from the time he ceased contributing to Therrin's support and the time she filed the complaint for child support. Wing. Wilson did not demonstrate that she was economically threatened by or was unable to meet Therrin's past expenses. Indeed, Wilson's status as a veteran and her steady employment history enabled her to provide adequately for Therrin's welfare. Cf. Coleman v. Mackey, 424 So.2d 170 (Fla. 3d DCA 1983) (no error in trial court's ordering child support retroactive to date of birth where child had been on public assistance since birth). The payment schedule established by the trial court also undermines the propriety of retroactive support because the $10 weekly payments against the $64,000 arrearage would extend well beyond Therrin's eighteenth birthday, thus negating any need to remedy past debts incurred by Wilson on Therrin's behalf. Under these circumstances, the trial court erred in awarding retroactive child support.
We disagree with Hall's contention that the trial court erred in setting the amount of prospective child support at $120 a week. Hall argues that Therrin's expenses are limited to the statement submitted by Wilson regarding Therrin's separate monthly costs. Review of Wilson's complete financial statement indicates that she incorporated many of Therrin's monthly expenses such as food, housing, and insurance in her own budget. Thus, only Therrin's totally independent expenses such as clothing and school transportation and lunches were covered by the $422 total. The record reveals that the trial court considered the sum of Therrin's monthly expenses and then divided the sum equally between the parents. Hall is eminently correct in asserting that both parents have a concomitant duty to support their minor child. O'Brien, 424 So.2d at 971; Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978). The trial court adhered to this principle in setting Hall's contribution at $120 a week where Wilson's undisputed financial statement establishes that Therrin's weekly expenses are approximately twice that amount. According to the trial court's schedule, Wilson must provide the remaining half of Therrin's expenses. Under these circumstances, Hall has not demonstrated that the amount of prospective child support awarded constituted an abuse of the trial court's discretion. Cf. Smith v. Smith, 500 So.2d 174 (Fla. 1st DCA 1986) (award of $80 per week child support was abuse of trial court's discretion where only evidence concerning needs of children was $200 monthly day care expenditure); Bill v. Bill, 478 So.2d 93 (Fla. 2d DCA 1985) (evidence insufficient to support award of $1,000 a month child support where evidence showed that child's actual monthly expenses amounted to $230); Aycock v. Aycock, 433 So.2d 680 (Fla. 5th DCA 1983) (trial court erred in awarding $550 per month to support one-year-old child where there was no evidence upon which to base such award).
Had the trial court predicated the award of child support solely upon a financial affidavit which combined the parent's and the child's household expenses, a remand would be required in order to determine the child's proportionate share of the expenses. Bill, 478 So.2d at 94. However, Wilson presented an expert witness who testified to Therrin's need for specialized tutoring, individual counseling, and structured social programs. The expert, an educational psychologist who had evaluated Therrin, recommended a professional tutor for Therrin to improve his poor scholastic record, personal or family counseling to modify his behavior problems, and summer *413 camp to develop his social skills. Wilson testified that she had been unable to afford such services for Therrin, whom the psychologist classified as an "at-risk kind of child." Wilson's statement of Therrin's monthly expenses included tutoring at a cost of $80 a month, the amount Wilson had been paying a high school student to tutor Therrin. Wilson's statement of Therrin's budget did not contain expenditures for professional tutoring or the other services advocated by the psychologist. Hall did not present any evidence to rebut the issue of Therrin's special needs. In view of the expert's uncontroverted testimony, the award of child support was reasonable notwithstanding the fact that the amount awarded exceeded the monthly listing of Therrin's discrete expenses. See Dominik v. Dominik, 390 So.2d 81, 83 (Fla. 3d DCA 1980) (no abuse of discretion to award alimony and child support in excess of amount listed on wife's financial statement).
Accordingly, we reverse the trial court's award of retroactive child support and affirm the award of prospective child support.
Reversed in part; affirmed in part.
NOTES
[1] Hall had moved unsuccessfully to amend his motion for rehearing to include the issue of the award of prospective child support. Hall timely filed a notice of appeal of the final judgment of child support which had adjudicated both prospective and retroactive child support. Wilson claims that only the issue of retroactive support is properly before this court because Hall failed to move for rehearing of the prospective support issue in the trial court. Wilson has cited no authority for the proposition that a party must move the trial court for rehearing of all claimed errors as a prerequisite to appellate review. Our own research has disclosed no support for Wilson's contention which is contradicted by the clear language of Florida Rule of Civil Procedure 1.530(e). The rule provides:

Rule 1.530. Motions for New Trial and Rehearing; Amendments of Judgments
(e) When Motion for Unnecessary; Non-Jury Case. When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal by an assignment of error whether or not the party raising the question has made any objection thereto in the trial court or made a motion for rehearing, new trial or to alter or amend the judgment.
The gravamen of Hall's appeal regarding prospective child support concerns the sufficiency of the record evidence justifying the amount awarded, a matter clearly within the purview of Rule 1.530(e). For purposes of review per Florida Rule of Appellate Procedure 9.110, all judicial labor on that portion of the cause ceased upon the denial of Hall's motion to amend his motion for rehearing. See Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1390-91 (Fla. 3d DCA), rev. denied, 494 So.2d 1153 (Fla. 1986).