PARKER, Judge.
Appellant, Robert Pensa, appeals a final judgment of paternity. Pensa admitted paternity in his answer, and the trial was limited to the issue of child support. The attorneys stipulated that if the trial court awarded retroactive child support, a sepa *285 rate hearing would be conducted to determine the amount to be awarded considering any voluntary payments that Pensa contributed to the support of the child. The trial court reserved jurisdiction on that issue. We affirm the amount of prospective child support and Pensa’s obligations to maintain health insurance on the child and to pay one-half of all excess medical, dental, and ocular needs. We further affirm the trial court’s ruling that the child is entitled to retroactive child support. See McQueen v. Stratton, 389 So.2d 1190 (Fla. 2d DCA 1980).[1] We remand the case to the trial court for further proceedings consistent with this opinion.
Pensa argues that even if child support can be retroactive to the date of the birth of the child or some other earlier date, the mother failed to establish the child’s needs and the father’s ability to pay on an earlier date. While that is true, a review of the record[2] and the trial court’s final judgment[3] leaves this court in doubt as to whether the trial court reserved those issues for another hearing. Because this matter is unclear, we remand the case to the trial court to conduct a further hearing to establish the amount of retroactive child support based upon the child’s needs during that period, Pensa’s ability to pay during that period, less any amount that Pensa can establish that he voluntarily paid for child support during that period.
Affirmed but remanded for additional matters upon which the trial court has reserved jurisdiction.
DANAHY, A.C.J., and THREADGILL, J., concur.

. We note that McQueen relied upon section 742.041, Florida Statutes (1979) when holding that retroactive child support was proper and that section 742.041 has been repealed. We, however, can find no indication that the legislature intended to abolish the entitlement to retroactive child support when it repealed section 742.041.

. At the close of testimony, the following exchange occurred between the attorneys and the court:
THE COURT: Further witnesses?
MR. WALLACE [appellee’s attorney]: Judge, depending on your thinking on it, I’m not asking for a pre-ruling. I would — I don’t know if Wayne [appellant’s attorney] can agree to this, but for any credit for — if in fact he has paid child support, if we could do that at a later time because there is no sense us sitting here and me calling the lady and going over four, five, six years of checks. That would be the only thought I would have on the darn thing.
THE COURT: All right. Mr. Boyer, do you have any objection?
MR. BOYER [appellant’s attorney]: No, sir.
THE COURT: All right. I think perhaps we’ll leave that for a later determination, if there is an entitlement. I won’t pre-judge it one way or the other.

.The portion of the final judgment which addresses the issue of retroactive support is as follows:
ORDERED AND ADJUDGED that the Defendant, ROBERT PENSA be, and he is hereby ordered to pay retroactive child support however, this Honorable Court retains jurisdiction for the determination of said retroactive child support for a later hearing to determine any credit the Defendant receives for monies previously paid as child support....