584 So.2d 90 (1991)
Jarvis WILLIAMS, Appellant,
v.
Monica JOHNSON, Appellee.
No. 90-2297.
District Court of Appeal of Florida, Fifth District.
July 25, 1991.
John F. Sproull, Palatka, for appellant.
Pamela A. Schneider of Wershow and Schneider, P.A., Gainesville, for appellee.
*91 DIAMANTIS, Judge.
Jarvis Williams appeals the final order of the trial court establishing paternity and child support. Williams raises two issues on appeal. First he contends that the trial court erred in establishing the amount of his child support obligation, and second that the trial court erred in making the child support award retroactive to the date of birth of the child. We affirm the trial court's award of $1,000 per month child support retroactive to the date this paternity proceeding was filed by Johnson. We also affirm the decision to award child support from the date of the child's birth. However, we remand this case to the trial court to determine the amount of money that Johnson expended on behalf of the child from the date of his birth until the date that this paternity proceeding was filed and to direct Williams to reimburse Johnson for his portion of such expenses.
The parties by stipulation agreed to forego trial and instead to submit financial affidavits and memoranda of law to the trial court. Therefore, we do not have a transcript of any testimony and we have a very limited record. The child was born on March 9, 1988 and the complaint to determine paternity and to award child support was filed on November 15, 1989.
We find no error in the trial court's determination that Williams must pay $1,000 per month in child support. This amount is reasonable based upon the evidence presented and after giving due consideration to the needs of the child and the extent of the parents' ability to meet those needs. We affirm this amount retroactive to the date that these proceedings were instituted. Valdes v. Lambert, 568 So.2d 117 (Fla. 5th DCA 1990).
We also affirm the trial court's determination to award Johnson child support from the date that the child was born until the date these proceedings were instituted. This was a matter within the trial court's discretion. However, the retroactive recovery of child support must be based on the theory of reimbursing Johnson for the monies that she expended to support the child during this period of time. The result which we reach today may at first blush appear to be in conflict with our decision in Valdes. The result which we reached in Valdes was correct because of the unusual factual setting of that case. The person who had provided prior support for the minor child in Valdes was not a party to that action. Had the proper party sought reimbursement for support in that case, there would have been serious questions in regard to laches and estoppel, as we pointed out in the opinion. See Valdes, 568 So.2d at 119. Nevertheless, in reversing the retroactive award we added an observation which was not essential to the holding in Valdes:
... such an award [of retroactive support] raises a serious problem in regard to the constitutional mandate of equal protection. It is now established law that the rights of illegitimate children are to be considered on an equal basis with the rights of legitimate children. See, State, Department of Health and Rehabilitative Services v. West, 378 So.2d 1220 (Fla. 1979). It is also well established that the parent of a legitimate child may obtain support only from the time of the filing of the action seeking support. See, e.g., Warren v. Warren, 306 So.2d 197 (Fla. 1st DCA 1974). Thus, if support for illegitimate children may be awarded retroactively to a time earlier than the filing of an action for paternity, then there is disparate treatment of legitimate and illegitimate children and a violation of the equal protection of the law.
Valdes, 568 So.2d at 118-119.
It is true that the rights of illegitimate children are to be considered on an equal basis with the rights of legitimate children and that illegitimate children should not be granted greater rights. When "retroactive child support" is sought, however, it is not actually the right of the child, or his current need for support, that is at issue. Instead, what is at issue is the right of the third party (whether parent, stepparent, friend, or state agency) who furnished the support in the past to be reimbursed for *92 discharging the obligation of the natural parent.
In Valdes we cited, unfortunately, the case of Warren v. Warren, 306 So.2d 197 (Fla. 1st DCA 1974), for the proposition that the parent of a legitimate child may obtain support only from the time of the filing of the action seeking support. As pointed out by Johnson, however, Warren held only that it was not reversible error for the trial court to have failed to order retroactive support prior to the filing of any pleading seeking such support. Warren did not hold that reversible error would have been committed if the trial court had ordered retroactive support.
It was stated in Isaacs v. Deutsch, 80 So.2d 657, 658 (Fla. 1955), that the obligation of a father to support his minor child is a continuing one during minority and that obligation "may form the basis of a quasi-contract, implied by law, to compel the father to pay for the support and maintenance of his minor child by a third party, or by the mother after a divorce by the father... ."[1] The Isaacs court then held "that where an express contract requires the father to pay a definite sum at stated intervals for the support of his minor child, the statute of limitations starts running against each payment as it becomes due; and that the lower court erred in allowing recovery for all weekly payments solely on the ground that the statute did not start running on such payments until the time of the termination of the contract, that is, the date when the minor child attained his majority." The statute of limitations to which the court referred was section 95.11(3), Florida Statutes (1953) which provided that an action upon a written contract not under seal must be commenced within five years.
It logically follows from the reasoning in Isaacs that, where there is no express contract specifying payment periods, the statute of limitations for recovery of support obligations from the nonpaying parent discharged by a third party should run from the time the support was actually provided during the child's minority. The applicable statute of limitations for an equitable action on an implied contract is four years. See § 95.11(3)(k), Fla. Stat. (1989). The concept of laches may shorten this period. See § 95.11(6), Fla. Stat. (1989). As pointed out in State, Department of Health and Rehabilitative Services v. West, 378 So.2d 1220, 1228 (Fla. 1979), the only proper application of the statute of limitations to child support claims would be to those claims that have accrued in the past but which are not adjudicated. The duty of future child support (a duty owing to the child) cannot be barred during the child's minority.
In the instant case, a portion of the support provided to the minor child by Johnson prior to this suit being instituted should have been provided by Williams and, therefore, it is a debt owed Johnson. Johnson brought suit for this debt well within the applicable four-year limitations period. The evidence, however, shows that the monies that she actually spent on past support of the child were less than the $1,000 per month, hence it was error for the trial court to reimburse Johnson for an amount in excess of what she expended. There has been no showing, however, that the trial court abused its discretion in ordering that Johnson be reimbursed for a portion of the monies she expended on child support between March, 1988 and October, 1989. There also was no evidence adduced by Williams to show laches or estoppel against Johnson. Such defenses are available in actions for past child support payments. See, e.g., Hall v. Wilson, 530 So.2d 410 (Fla. 3d DCA 1988); Department of Health and Rehabilitative Services v. Thomas, 477 So.2d 1053 (Fla. 5th DCA 1985), rev. denied, 488 So.2d 829 (Fla. 1986); Robinson v. State, Department of Health and Rehabilitative Services, 473 So.2d 228 (Fla. 5th DCA 1985). Accordingly, we remand this cause to the trial court to determine the amount of money Johnson expended on behalf of the child from the date of his birth *93 until the date this paternity proceeding was instituted. Williams is entitled to receive credit for any support that he paid prior to or after the institution of this proceeding.
AFFIRMED in part; REVERSED in part; and REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] The requirement that an action by the mother for reimbursement await termination of the marriage was based on the doctrine of interspousal immunity. See also Gaston v. Pittman, 224 So.2d 326 (Fla. 1969); Corren v. Corren, 47 So.2d 774 (Fla. 1950).