611 So.2d 1308 (1992)
Clark FOWHAND, II, Appellant,
v.
Susan PIPER, Appellee.
No. 92-1740.
District Court of Appeal of Florida, First District.
December 31, 1992.
*1309 Richard Smoak, Panama City, for appellant.
Robert B. Staats of Staats, White & Clarke, Panama City, for appellee.
KAHN, Judge.
Clark Fowhand, II appeals from a final judgment of paternity. At issue is whether the trial court erred in awarding retroactive child support from the date of birth. Fowhand contends that the award (1) was barred by laches; (2) should be limited by the statute of limitation found in section 95.11(3)(k); and (3) should not have been awarded since actual support was provided by third persons and there is no evidence of the amount of support provided by the mother or evidence of the past needs of the child. We find that the award of retroactive child support was proper and affirm the final judgment of paternity.
Clark Fowhand and Susan Piper dated from September 1981 to December 1981, engaging in a physical relationship during that time. In the spring of 1982, Ms. Piper, then nineteen years old, discovered that *1310 she was pregnant. Ms. Piper spoke with Mr. Fowhand, then twenty three years old, after she became pregnant and informed him of her pregnancy and later contacted him wanting to know if he would expect to see the child if he provided support. Mr. Fowhand replied in the affirmative, and Ms. Piper "decided that she probably didn't need him around." The child, C.S.P., was born on July 21, 1982. Ms. Piper retained counsel to contact Mr. Fowhand after the child was born, requesting Fowhand to acknowledge paternity, pay the birth expenses, provide health insurance, pay child support of $65.00 per week, and pay Ms. Piper's attorney's fees. Fowhand's lawyer responded by denying paternity.
On May 10, 1991, almost nine years after the child's birth, Ms. Piper filed a complaint against Mr. Fowhand to determine the paternity of her daughter. Mr. Fowhand's answer denied that he was the father of the child and raised three affirmative defenses to the claim for past child support: statute of limitation, laches and estoppel. Mr. Fowhand continued to deny paternity until the date of the final hearing. At the outset of the hearing, appellant acknowledged paternity,[1] and announced he would allow the court to hear evidence on support, custody and visitation. In the final judgment, the trial court determined that Mr. Fowhand is the natural father of the child, ordered Mr. Fowhand to pay monthly child support computed under the child support guidelines, section 61.30, Florida Statutes, to Ms. Piper, assessed $200.00 a month since C.S.P.'s birth, a total of $22,600.00, for retroactive child support, and ordered Fowhand to pay Ms. Piper's court costs and attorney's fees.
Mr. Fowhand first argues that the defense of laches bars the claim for retroactive child support. Laches may be raised in the face of a claim for past child support, in some circumstances. The trial court determines the merit of a laches defense by considering whether the evidence brought forward by the proponent of laches shows:
1) conduct on the part of the defendant, or on the part of one under whom he claims, giving rise to the situation of which the complaint is made; 2) the plaintiff, having had knowledge of the defendant's conduct, and having been afforded the opportunity to institute suit, is guilty of not asserting his rights by suit; 3) lack of knowledge on the defendant's part that the plaintiff will assert the right on which he bases his suit; and 4) injury or prejudice to the defendant in the event relief is accorded to the plaintiff or the suit is held not to be barred.
Wing v. Wing, 464 So.2d 1342, 1344 (Fla. 1st DCA 1985) (citation omitted). "In all events the welfare of the child is paramount and in the absence of extraordinary facts or strongly compelling circumstances, the action or inaction of a parent will not give rise to a defense of laches barring enforcement of child support arrearages." Armour v. Allen, 377 So.2d 798, 800 (Fla. 1st DCA 1979). We adopt the foregoing statement made by this court in Armour, finding that it applies equally to a paternity action as to a post-dissolution action to recover child support.
The element of injury or prejudice to the defendant is not present in this case. Mr. Fowhand claims that he reasonably believed that Ms. Piper abandoned her claim that he was the father of the child and therefore incurred obligations to other people in his life. This does not constitute strongly compelling circumstances in light of the facts that Mr. Fowhand had knowledge that Ms. Piper asserted Fowhand's paternity (such assertion being reasonably based upon matters well known to Fowhand), there was a distinct probability that the child was in fact his, and he failed to take any action to support his unfounded denial of paternity.
Engaging in conduct resulting in the birth of a baby places a burden on both *1311 partners. Mr. Fowhand's response to that burden was to deny responsibility and get on with his life. Ms. Piper found herself a teenage mother, dependent upon her parents. At the time of the hearing she worked as a waitress in Panama City. Mr. Fowhand is a manager and part owner of his family's furniture business. We find no abuse of discretion in the trial court's rejection of the laches defense.
Mr. Fowhand next argues that, irrespective of the application of the doctrine of laches, section 95.11(3)(k), Florida Statutes (1991), bars a claim which accrued more than four years prior to the institution of this action for child support. This statute requires the institution within four years of "a legal or equitable action on a contract, obligation, or liability not founded on a written instrument, including an action for the sale and delivery of goods, wares, and merchandise, and on store accounts." In arguing a limitations bar, appellant relies upon Isaacs v. Deutsch, 80 So.2d 657 (Fla. 1955), in which the supreme court referred to a child support obligation as quasi-contractual in nature. In Department of Health and Rehabilitative Services v. West, 378 So.2d 1220 (Fla. 1979), the supreme court held unconstitutional section 95.11(3)(b), Florida Statutes (1975), which acted to bar claims of all support, past and prospective, unless the paternity action was filed within four years of birth. In dicta the court indicated that a statute of limitations might be applied to "child support claims ... that have accrued in the past but which are not adjudicated." 378 So.2d at 1228.
We decline to hold that the four year statute of limitations provided by section 95.11(3)(k), specifically addressing an action for the sale and delivery of goods, wares and merchandise, applies to limit the claim of a minor child for support from her unwed father. We note the following language from a recent decision:
Florida courts take the position that enforcement of periodic alimony and child support orders are equitable proceedings in nature and such obligations are not barred by the running of the statute of limitations. See Bloom v. Bloom, 414 So.2d 1153 (Fla. 3d DCA 1982); Melvin v. Melvin, 391 So.2d 691 (Fla. 1st DCA 1980), rev. denied, 399 So.2d 1144 (Fla. 1981); Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979).
Popper v. Popper, 595 So.2d 100, 103-104 (Fla. 5th DCA 1992). In the present case the trial court properly refused to bar a portion of the child support under a statute of limitations theory.
Mr. Fowhand goes on to argue that, in any event, no retroactive child support is due. He argues that actual support was provided by third persons, and Ms. Piper is therefore not entitled to recover retroactive support, because such recovery may be based only upon a theory of reimbursement. In Valdes v. Lambert, 568 So.2d 117 (Fla. 5th DCA 1990), the court characterized retroactive child support as a reimbursement to a third party, not the child, for providing support in the past. The same court, in Williams v. Johnson, 584 So.2d 90, 91 (Fla. 5th DCA 1991), required that the "retroactive recovery of child support must be based upon the theory of reimbursing (the mother) for the monies that she expended to support the child during this period of time." The Valdes and Williams opinions both rely upon the supreme court's Isaacs decision, supra, for the proposition that child support is in the nature of a quasi-contractual obligation. This view seems to have led our sister court to conclude that actual reimbursement is the only basis for recovery of retroactive child support in a case such as this, where there has been no prior adjudication of a child support obligation.[2]
After much consideration, we take a somewhat different approach. A close *1312 reading of Isaacs, supra, indicates that in that case an actual contract did exist by which the father agreed to support the minor child and the mother agreed to surrender all claims against the father that she may have had as the result of having been his wife. In the present case no contract existed between appellant and appellee. We regard the obligation to support one's child as arising from something somewhat more sacrosanct than a contract:
The father owes a duty to nurture, support, educate and protect his child, and the child has the right to call on him for the discharge of this duty. These obligations and rights are imposed and conferred by the laws of nature; and public policy for the good of society, will not permit or allow the father to irrevocably divest himself of or to abandon them at his mere will or pleasure.
State ex rel. Airston v. Bollinger, 88 Fla. 123, 101 So. 282, 283 (1924) (citation omitted).
This court has recognized that child support is a right which belongs to the child. Armour v. Allen, supra. Illegitimate and legitimate children have the same rights to parental support. Coleman v. Mackey, 424 So.2d 170, 171 (Fla. 3d DCA 1983). In the present case the trial court specifically found:
The minor child has needed support since her birth, and the Defendant has had the ability to contribute to the support of the minor child since her birth. A reasonable sum for past child support, considering the change in the child's needs from birth to age 9, and the passage of time, would be Two Hundred Dollars ($200.00) per month, from the date of birth until the entry of this Final Judgment.
In the same final judgment, the trial court established Mr. Fowhand's prospective child support obligation at $426.00 per month. We find that the trial judge correctly applied existing law to the facts of this case in determining an appropriate amount for retroactive child support.
Although there is evidence that Ms. Piper's mother gave her daughter and grand-daughter some support, there is evidence that Ms. Piper supported herself and the child. At the final hearing, Ms. Piper testified that her mother provided her and her child with a place to live, food, paid for the child's dance and piano lessons, paid for private school from first until third grade, provided child care without charge, and at times helped Ms. Piper with her bills. In her deposition, Ms. Piper testified that after the child was born she went back to work and a woman who lived near her took care of the child. When Ms. Piper went to college, the woman would look after the child while she was at class and her mother would care for the child while she worked at night. Ms. Piper also testified in her deposition that she and the child were living in an apartment, subsisting on her income, but her mother pays for the child's dance lessons. When asked what needs Ms. Piper cannot pay for, she stated that she could not pay for the child's ballet lessons, jazz lessons, cheerleading, piano lessons, and Girl Scouts. Ms. Piper's need to seek assistance from her mother in providing for the sustenance of Mr. Fowhand's child indicates the need for support in the past.
Application of the reimbursement theory, adopted by the Fifth District, to the present case, would be overly harsh and mechanical, particularly in light of the trial court's actual calculation of amounts owed for past support. Accordingly, we do not adopt a rule that would require the mother in a proceeding such as this to recover past child support only upon a presentation of evidence of exact amounts paid by her in the past for the support of a child. Such a rule would limit the parent who had not the means to provide adequately for her child to recover an amount that would obviously be less than a reasonable child support obligation, thus unfairly depriving the child. See Mason v. Reiter, 564 So.2d 142, 144-145 (Fla. 3d DCA 1990) (Criteria for child support award, including retroactive support are the child's needs and the ability *1313 of each parent to pay. "[T]he child's needs begin at birth.").
AFFIRMED.
MINER and ALLEN, JJ., concur.
NOTES
[1] Mr. Fowhand, Ms. Piper, and C.S.P. voluntarily underwent scientific testing to determine paternity. The results of the tests are not included in the record.
[2] In Rogers v. Runnels, 448 So.2d 530 (Fla. 5th DCA), rev. denied, 461 So.2d 115 (Fla. 1984), the Fifth District recognized that the support rights of illegitimate children are the same as those of legitimate children.