KLEIN, Judge.
Appellants filed this action against appel-lee to establish paternity and recover reimbursement for public assistance payments made for the support of a minor child. When this case was filed the child was six months from reaching the age of majority. Appellee denied he was the father and raised the defense of laches. Following a trial the court entered a judgment for defendant.
Appellants correctly argue that the trial court erred in denying their motion to require blood tests to determine paternity, based on section 742.12(1), Florida Statutes (1991), which provides:
In any proceeding to establish paternity in law or in equity, the court on its own motion may or upon request of a party shall require the child, mother, and alleged fathers to submit to Human Leukocyte Antigen tests or other scientific tests that are generally acceptable within the scientific community to show a probability of paternity.
Appellants also argue that the lower court erred in ruling that laches barred this claim because laches is not a defense to the establishment of paternity. They are partially correct. Paternity actions are governed by a four-year statute of limitations, with the time running from the date the child reaches the age of majority. § 95.11(3)(b), Fla.Stat. (1991). Actions for past due child support, however, are subject to the defense of laches. HRS v. Thomas, 477 So.2d 1053 (Fla. 5th DCA 1985); Hall v. Wilson, 530 So.2d 410 (Fla. 3d DCA 1988).
We affirm the judgment insofar as it bars recovery of past due child support against appellee because of laches. We cannot determine from this record whether that makes the claim for paternity, which is not time-barred, moot. In the event there is a proper basis for the claim for paternity to be pursued on remand, the blood tests mandated by the statute should be ordered.
Affirmed in part and reversed in part.
GUNTHER and POLEN, JJ., concur.