PER CURIAM.
In this paternity action, William Gagliardo appeals a final order of the trial court establishing child support. We affirm in all respects except we reverse that portion of the final judgment that makes the child support award retroactive to 1988.
Gagliardo has always acknowledged that he is the father of Doris Jean Stenger’s child, Jennifer, who was born on April 28, 1979. Gagliardo and Stenger never married. However, in 1983, Gagliardo and Stenger purchased a home and lived together until the end of 1987. In February 1988, the parties entered into an agreement in which Gagliar-do agreed to pay $100 per month in child support.
Thereafter, on October 16, 1990, Stenger sought additional child support by filing a complaint to establish paternity and child support. At a hearing to determine child support, paternity never being in dispute, only Gagliardo and Stenger testified regarding the needs of the child and their ability to provide support. The trial court’s order required Gagliardo to pay prospective child support of $537.50 monthly and retroactive child support in the amount of $15,750 for the years 1988, 1989, and 1990.
“The paternity statute was enacted in abrogation of the common law in order to convert a father’s moral obligation to provide child support to a legal obligation and to relieve the public of the need to provide support for the child.” Kendrick v. Everheart, 390 So.2d 53, 56 (Fla.1980). “The determination of paternity is made only incidentally to enable the achievement of the statute’s purposes. A father may achieve these statutory purposes by acknowledging the child as his own and by voluntarily providing financial support.” Id. The paternity statute also provides a mother with the legal means by which she may enforce her child’s support rights against the natural father. Id. at 57.
In the instant case, Gagliardo admitted paternity at all times and had been paying child support in the amount of $100 per month according to the parties’ agreement. Thus, when Stenger filed her complaint for paternity and child support, she essentially sought to increase the child support she was receiving from Gagliardo pursuant to the parties’ agreement. Therefore, under these circumstances, we treat the complaint to establish paternity and child support as analogous to a petition for modification of child support.
In awarding modified child support, the trial court has discretion to make the modification effective as of the date the petition was filed or subsequent thereto. Kennedy v. Kennedy, 464 So.2d 1289,1291 (Fla. 4th DCA 1985). Furthermore, although Stenger testified that she requested additional support from Gagliardo for the child’s past school trips and medical expenses, Stenger failed to meet her burden of proving that she was unable to meet the child’s past expenses. See Hall v. Wilson, 530 So.2d 410, 412 (Fla. 3d DCA 1988). Accordingly, we find that the trial court erred in awarding retroactive child support to a date earlier than the date on which Stenger filed her action.
REVERSED AND REMANDED.
ANSTEAD, GUNTHER and KLEIN, JJ., concur.