647 So.2d 979 (1994)
Frances GOLDEN, Appellant,
v.
Terrence LEWIS, Appellee.
No. 93-03427.
District Court of Appeal of Florida, Second District.
December 14, 1994.
Lawrence H. Liebling of Lawrence H. Liebling, P.A., Clearwater, for appellant.
William L. Penrose, St. Petersburg, for appellee.
*980 RYDER, Acting Chief Judge.
Frances Golden appeals from the trial court's final judgment of paternity which denied her retroactive child support on the ground of laches. Because we conclude that the father failed to prove the requisite element of prejudice to support the doctrine of laches, we reverse the final judgment.
Ms. Golden filed a paternity and child support action on September 9, 1991. After a bench trial, the trial court found that Terrence Lewis was the natural biological father of the child born September 15, 1975. The court also concluded that the greater weight of the evidence supported the finding that Mr. Lewis was unaware of the birth of the child until he was served with this action. The court further found that Ms. Golden knew at all times the father's business address and telephone number. The judge determined that but for the application of the doctrine of laches, the mother would be entitled to $53,901.00 based upon a reimbursement theory for expenses she incurred from the child's birth until the filing of the paternity action. The court also reserved jurisdiction to award attorney's fees and to establish the appropriate amount of child support to accrue subsequently to the filing of the paternity action.
The evidence reflects that in August 1991, the father and his wife submitted a joint personal financial statement to Marine Bank showing that they had a net worth of $1,771,000.00, and an income of $212,800.00. Their June 1992 personal financial statement showed a net worth of $1,656,000.00 and an annual income of $220,000.00. The trial judge rejected evidence of the father's lack of ability to contribute to the child's support. The trial judge made no specific findings concerning the mother's income because the evidence was incomplete, but in the final judgment, he referred to monthly income as high as $500.00 per month and to periods of unemployment.
The father based his laches argument upon the mother's sixteen-year delay in seeking child support and his charitable donation of a former residence and a restored automobile to the St. Vincent DePaul Society for which he received charitable deductions for income tax purposes. The trial judge agreed.
Although a claim for child support may be defeated by laches, "rarely have the courts found the exceptional circumstances necessary to justify the application of that doctrine. In all events the welfare of the child is paramount and in the absence of extraordinary facts or strongly compelling circumstances, the action or inaction of a parent will not give rise to a defense of laches barring enforcement of child support arrearages." Armour v. Allen, 377 So.2d 798, 800 (Fla. 1st DCA 1979).
Among the elements of a defense of laches is the requirement that the proponent bring forward evidence of injury or prejudice in the event relief is accorded to the plaintiff. Fowhand v. Piper, 611 So.2d 1308, 1310 (Fla. 1st DCA 1992). As an affirmative defense, the burden of proving it is on its proponent, and it must be proved by very clear and positive evidence. Van Meter v. Kelsey, 91 So.2d 327, 332 (Fla. 1956).
We conclude that the element of prejudice was not proven by clear and convincing evidence. Lewis's sizeable charitable donation resulted in a significant charitable deduction for income tax purposes. Moreover, he benefitted from this tax maneuver, and, in any event, the evidence clearly shows that he continues to hold extremely substantial assets.
Having determined that the mother is entitled to retroactive child support, we turn to an analysis of the appropriate theory. "Child support is a right which belongs to the child. It is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the State." Armour, 377 So.2d at 800. The criteria to be considered in awarding child support are the child's needs and the parents' ability to pay. Coleman v. Mackey, 424 So.2d 170, 171 (Fla. 3d DCA 1983).
The Fifth District in Williams v. Johnson, 584 So.2d 90 (Fla. 5th DCA 1991), has adopted a reimbursement theory for any support awarded in paternity proceedings from the date the child was born until the date the proceedings were instituted. This theory, *981 however, was rejected by the First District in its well-reasoned opinion in Fowhand.
This district has also upheld awards of past child support. Pensa v. Sklinar, 547 So.2d 284 (Fla. 2d DCA 1989); McQueen v. Stratton, 389 So.2d 1190 (Fla. 2d DCA 1980). We agree with the First District that the obligation to support one's child arises "from something somewhat more sacrosanct than a contract." Fowhand, 611 So.2d at 1312. Accordingly, we adopt the analysis and holding of the First District in Fowhand and reject a reimbursement theory.
Accordingly, we reverse the final judgment and remand for further proceedings to set the proper amount of child support. The appellant correctly notes that the party entitled to an award of child support is also entitled to prejudgment interest computed from the dates the court determines the support payments to have been due. Herrero v. Pearce, 571 So.2d 96, 97 (Fla. 1st DCA 1990). We otherwise affirm the determination of paternity.
Affirmed in part, reversed in part and remanded for further proceedings.
PATTERSON and QUINCE, JJ., concur.