PER CURIAM.
Appellant Barbara Schweihs appeals the dismissal of her paternity action against Michael Bianchini on statute of limitation grounds. We reverse.
Schweihs’ suit for paternity, child support and attorney fees was filed October 1, 1997 and alleged that Bianchini was the father of a child born February 2, 1981. Bianchini moved to dismiss all claims based on Florida Statute 95.11(3)(b), which provided for a four-year statute of limitations. The trial court granted his motion, and denied Schweihs’ motion for reconsideration and rehearing.
The statute of limitation upon which Bianchini relied was ruled to be an unconstitutional violation of equal protection prior to the birth of the child in this case. In State, Department of Health and Rehabilitative Services v. West, 378 So.2d 1220 (Fla.1979), the Florida Supreme Court found section 95.11(3)(b) to unconstitutionally terminate of the rights of illegitimate children to financial support. The duty and right of child support, reasoned the court, continuously accrues during the minority of any child. See id. at 1228. The illegitimate child’s right of support and enforcement cannot be extinguished by law on his or her fourth birthday when a legitimate child’s right to support and enforcement would continue. The statute unlawfully discriminated against illegitimate children. See West. The duty of future child support cannot be barred during a child’s minority. See Williams v. Johnson, 584 So.2d 90, 92 (Fla. 5th DCA 1991).
On appeal, Bianchini seeks to apply section 95.11(3)(b) as it existed prior to its amendment in 1986. He claims that under the prior statute, Schweih’s action was time barred since it was not commenced within four years of the date of the birth of the child. Bianchini seeks to distinguish West by noting that section 95.11(3)(b) was merely amended in 1986 and therefore the statute remained part of the statutory law of the State of Florida. Because the statute remained “on the books,” he reasons, it therefore must be applied to the child in this case. In doing so, Bianchini relies heavily on In re Estate of Smith, 685 So.2d 1206 (Fla.1996), in which a sixty-year old woman sought to establish paternity in order to share in an estate. However, the Florida Supreme Court distinguished West from Smith in that Smith involved paternity in a probate proceeding. The Smith court noted that West did not find the statute of limitations facially unconstitutional. See id. at 1209. Rather, it found the statute unconstitutional as applied to paternity actions relating to child support. See id. The court further held the statute constitutional in cases of paternity unconnected with support because there is no continuing duty present. See id. at 1209-1210.
In West, the paternity and child support action was filed shortly after the child turned four. See West. The statute in question was amended and clarified in 1986 to provide that the four-year period runs from the date the minor child reaches majority. As the child in this case had not yet turned eighteen, it is clear that the trial court applied the predecessor statute.
*1231 Therefore, the fact that the law remained “on the books” did not, as Bianchini argues, permit an unconstitutional application to snuff out this child’s right to paternity and continually accruing support in a manner held unconstitutional under West. The amended statute must apply in this case, and therefore, the order granting the motion to dismiss must be reversed.
We therefore reverse and remand for further proceedings.
REVERSED AND REMANDED.
KLEIN, GROSS, JJ., and BAILEY, JENNIFER D., Associate Judge, concur.